■ RICHARD MICUCCI, Individually and as Administrator of the Estate of ANTHONY T. MICUCCI, Deceased, Respondent, v FRANKLIN GENERAL HOSPITAL, Defendant, and STEVEN COGAN, Appellant.—In an action to recover damages for medical malpractice and wrongful death, the defendant Steven Cogan appeals from an order of the Supreme Court, Nassau County

(Balletta, J.), dated June 25, 1986, which denied his motion to dismiss the complaint insofar as it is asserted against him based on lack of personal jurisdiction on the ground that he was served with process without the court granting leave to the plaintiff to add him as a party defendant.

Ordered that the order is affirmed, with costs.

The plaintiff attempted to add the appellant as a party defendant to the litigation without applying to the court for permission. The appellant moved to dismiss for lack of jurisdiction and his motion was granted based on the plaintiff's failure to obtain leave of the court. The plaintiff and the defendant Franklin General Hospital then stipulated to grant the plaintiff leave to add the appellant as a defendant. This stipulation was "so-ordered" by the Supreme Court (Balletta, J.). The appellant again challenged his joinder without success. We affirm.

The appellant was not a party to the suit when the stipulation was signed "so-ordered". Therefore he lacks standing to challenge the method by which the court approved his joinder in this matter. In any event CPLR 1001 and CPLR 1003 give a court wide latitude and are to be liberally construed *(McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624).

We have examined the appellant's other arguments and find them to be without merit. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.