■ LANCE M. CHRISTIANSEN, Appellant, v CITY OF NEW YORK et al., Defendants, and VOLKSWAGENWERK, AG., Respondent.— In an action to recover damages for personal injuries, the plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated September 10, 1987, as denied, as academic, his motion for leave to enter a default judgment against the defendant Volkswagenwerk, AG., and (2) an order of the same court also dated September 10, 1987, which, *inter alia,* granted the motion of the defendant Volkswagenwerk, AG., to dismiss the amended complaint as asserted against it for lack of personal jurisdiction and as barred by the Statute of Limitations.

Ordered that the orders are affirmed insofar as appealed from and affirmed, respectively, and it is further,

Ordered that the respondent is awarded one bill of costs.

On June 4, 1983, the plaintiff was injured when the 1973 Volkswagen van he was driving collided with a guardrail. The plaintiff timely commenced suit against the City of New York and Volkswagen of America, Inc. (hereinafter VWOA), the distributor of the vehicle. Shortly before the expiration of the three-year period of limitations (CPLR 214 [5]), the plaintiff moved by order to show cause for leave to serve a supplemental summons and an amended complaint naming Volkswagenwerk, AG. (hereinafter VWAG), the manufacturer of the vehicle, as a defendant. Without waiting for the court's decision on the motion, the plaintiff attempted to effect service on VWAG using three different methods. A court order granting leave to add VWAG as a party defendant was not obtained until August 18, 1986. The following day the plaintiff effected service on VWAG in Germany pursuant to the provisions of the Hague Service Convention. By order dated September 10, 1986, the amended complaint was dismissed.

The plaintiff's failure to obtain a court order granting leave to add VWAG as a party defendant as required by CPLR 1003, prior to serving VWAG with a supplemental summons and amended complaint, rendered such service a nullity *(Catanese v Lipschitz,* 44 AD2d 579; *see also, Micucci v Franklin Gen. Hosp.,* 136 AD2d 528; *Camacho v New York City Tr. Auth.,* 115 AD2d 691, 692). VWAG made timely objection to the jurisdictional defect requiring dismissal of the amended complaint *(McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624, 625; *accord, Gavigan v Gavigan,* 123 AD2d 823).

With respect to the amended complaint served after the expiration of the period of limitations, we find unpersuasive

the plaintiff's contention that the service on VWAG related back to the date of service of the original complaint on Volkswagen of America, Inc. *(see, Brock v Bua,* 83 AD2d 61, 69). The plaintiff does not claim that he was mistaken as to the identity of VWAG as the manufacturer of his automobile, nor does he offer any excuse for his failure to commence an action against VWAG at the time suit was commenced against VWOA. The plaintiff having failed to demonstrate that the failure to timely join VWAG was not due to his own inexcusable neglect, the belated claim against VWAG was properly dismissed *(see, County of Rockland v Spring Val. Water Co.,* 134 AD2d 317, 319).

In view of our disposition, we do not consider whether the various methods of service were otherwise effective.

We have considered the plaintiff's remaining contentions and find them to be without merit. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.