SECOND DEPARTMENT, JUNE, 1989

(June 1, 1989)

■ BARBARA GROSS et al., Respondents, v BFH Co., INC., et al., Appellants, and TOWN OF NORTH SALEM et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendants BFH Co., Inc. and Hudson Valley Petroleum Co. appeal from an order of the Supreme Court, Westchester County (Buell, J.), entered June 23, 1988, which (1) granted the plaintiffs' motion for leave to serve a supplemental summons and complaint nunc pro tunc and to dismiss the appellants' fourth, fifth and sixth affirmative defenses, and (2) denied their cross motion to dismiss the action as against them.

Ordered that the order is affirmed, with costs to the plaintiffs.

On appeal, the appellants contend that the court erred in holding that they waived their objection to the plaintiffs' failure to obtain leave pursuant to CPLR 3025 (b) and 1003 to serve a supplemental summons and complaint joining them as parties to the action. Unless waived, such a failure normally requires dismissal of the action against a party so joined *(see, Camacho v New York City Tr. Auth.*, 115 AD2d 691, 692; *McDaniel v Clarkstown Cent. Dist. No. 1*, 83 AD2d 624; *Catanese v Lipschitz*, 44 AD2d 579). However, the failure to obtain leave of the court is not a fatal defect in all cases *(see, Gavigan v Gavigan*, 123 AD2d 823; *McDaniel v Clarkstown Cent. Dist. No. 1, supra)*, and "CPLR 1001 and CPLR 1003 give a court wide latitude and are to be liberally construed" *(Micucci v Franklin Gen. Hosp.*, 136 AD2d 528, 529).

The central issue in this appeal is whether the conduct of the appellants is sufficient to constitute a waiver of their right to object to being joined as parties without prior leave of the court. Documentary evidence and the examinations before trial show that the appellants' parent corporation's predecessor in interest was served and answered for the appellants.

The appellants also participated in discovery, without objection. Thus, the Supreme Court properly found that the appellants waived their right to object to the allegedly improper joinder (see, Rubino v City of New York, 145 AD2d 285). Under these circumstances, the appellants cannot claim prejudice or surprise by the plaintiffs' delay in seeking leave to serve the supplemental summons and complaint joining them as parties nunc pro tunc (see, Fahey v County of Ontario, 44 NY2d 934). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.