■ CRAIG A. MILLER, Appellant, v JOHN A. KEEFFE, P. C., et al., Respondents.—In an action, inter alia, to recover damages

for conversion, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 5, 1988, as granted the defendant's motion to dismiss the complaint, with leave to serve an amended complaint, and (2) from an order of the same court, entered February 27, 1989, which, unless the plaintiff (i) joined additional corporate entities as necessary parties to the action, and (ii) paid a $1,000 monetary sanction, granted the defendants' motion to dismiss the amended complaint with leave to serve a new complaint.

Ordered that the order entered August 5, 1988, is affirmed insofar as appealed from; and it is further

Ordered that the order entered February 27, 1989, is modified, by deleting the provision thereof requiring the plaintiff or his counsel to pay a $1,000 sanction; as so modified, the order entered February 27, 1989, is affirmed; and it is further

Ordered that the defendants are awarded one bill of costs.

The defendant John Keeffe, the sole principal of John A. Keeffe, P. C. was legal counsel to the plaintiff Craig A. Miller and to various corporate entities controlled by the plaintiff Miller (hereinafter referred to as the Miller Corporations). In 1987, Keeffe represented one of the Miller Corporations, "American Actuarial Associates, Inc." (hereinafter Actuarial), in an unrelated action which was settled in July 1987. Pursuant to the settlement agreement, $387,737 was held in escrow by Keeffe. Concurrently, Actuarial assigned the cash proceeds from the settlement to the plaintiff Miller in his individual capacity. Upon satisfaction of the escrow terms, Keeffe delivered the escrow funds to Miller but withheld approximately $115,000 as compensation for legal services rendered to Miller and the Miller Corporations and an additional $10,000 for legal fees expected to be incurred in the future.

Thereafter, the plaintiff Miller commenced the instant action, *inter alia,* to recover damages sustained as a result of (1) Keeffe's alleged conversion of the escrow account funds, and (2) the retention by Keeffe of excess contingent fees paid in advance by Miller individually and by certain of the Miller Corporations. In response, Keeffe moved, *inter alia,* for summary judgment dismissing the complaint, and, alternatively, argued that the Miller Corporations were "indispensable" parties, whose nonjoinder required dismissal of the complaint (*see,* CPLR 3211 [a] [10]; 1001). Miller cross-moved for partial summary judgment on his cause of action to recover damages for conversion of funds held in escrow, and his cause of action

pertaining to Keeffe's alleged wrongful retention of advance contingent fee payments.

By order entered August 5, 1988, the Supreme Court, Westchester County, dismissed the complaint, but granted the plaintiff Miller leave to serve an amended complaint joining "all corporate and individual entities who may properly assert an interest in any sums recovered of defendant [Keeffe]". Significantly, although it dismissed the complaint, the court rejected Keeffe's contention that Miller lacked individual standing to assert his cause of action to recover damages for conversion, noting that Miller was entitled to an assignment of the escrow funds from Actuarial and thus possessed standing in his own right to seek recovery thereof.

Miller thereafter served an amended complaint, which omitted the cause of action to recover damages for improper retention of contingent fees and sought only sums attributable to alleged conversion of the escrow funds by Keeffe. Notably, Miller did not join as parties any of the corporate entities referred to in the order entered August 5, 1988. In response, Keeffe again moved to dismiss on the ground that Miller had failed to comply with that order. By subsequent order entered February 27, 1989, the court dismissed the amended complaint, with leave to serve a new complaint provided that Miller joined the Miller Corporations as necessary parties and paid a $1,000 monetary sanction. The plaintiff Miller now appeals from both those orders, arguing, *inter alia,* that the court erred in dismissing the complaint on nonjoinder grounds. We disagree.

Contrary to Miller's contentions, the Supreme Court permissibly exercised its discretion insofar as it determined that Actuarial was a necessary and indispensable party, and that its nonjoinder warranted dismissal of the complaint. Significantly, "CPLR 1001 and 1003 afford the courts wide latitude in the addition or deletion of parties" *(see, Solomon v Solomon,* 136 AD2d 697, 698; *see also, Gross v BFH Co.,* 151 AD2d 452; *Micucci v Franklin Gen. Hosp.,* 136 AD2d 528, 529).

Although Miller now contends, *inter alia,* that Keeffe converted portions of the settlement proceeds belonging to him, the record reveals that in commencing the suit at bar Miller failed to join Actuarial, the corporate entity for which Keeffe provided legal services in the unrelated action and the entity to which the settlement proceeds were made payable in that action. That Actuarial and Miller executed a so-called "in house" agreement, under which Miller would be assigned the proceeds of the settlement, does not establish that the Su-

preme Court improvidently exercised its discretion by requiring the joinder of the corporate entity which was the beneficiary of Keeffe's legal services and the owner of the proceeds at the time Keeffe's lien allegedly arose. Since the joinder of Actuarial would clearly facilitate the granting of complete relief to the parties with respect to their conflicting claims of entitlement to the disputed funds, the order dated February 27, 1989, insofar as it required the joinder of Actuarial was proper. In light of our determination with regard to the propriety of the court's order concerning the nonjoinder issue, we also find that the court properly dismissed the complaint without reaching Miller's cross motion for partial summary judgment. Suffice it to say, however, that even if we were to consider Miller's cross motion on the merits, we would conclude that sharply contested questions of fact exist foreclosing any award of summary judgment on the issue of liability at this juncture.

The imposition of a $1,000 monetary sanction constituted an improvident exercise of discretion under the circumstances. Concededly, Miller did not join the Miller Corporations as parties after the court had initially dismissed the complaint on nonjoinder grounds. The order entered August 5, 1988, did, however, state that Miller possessed individual standing to assert the conversion claim, thereby providing some support for Miller's present contention that the court impliedly sanctioned the option of proceeding individually on that cause of action. In light of the foregoing, we conclude that the imposition of the $1,000 sanction was unwarranted.

We have reviewed Miller's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.