■ Anthony Santopolo et al., Respondents, v Turner Construction Company et al., Defendants, and Forest Electric Corporation, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered March 13, 1991, which, to the extent appealed from, denied defendant Forest Electric Corporation's motion to dismiss plaintiffs' amended summons and complaint as against it, unanimously affirmed, with costs.

The IAS court did not err in finding that added defendant Forest Electric waived its objection to jurisdiction based on plaintiffs' failure to obtain leave of the court before serving it with a supplemental summons and complaint joining that defendant as a party to the action.

Although a court order is required to add a new party to an action, and the failure to obtain such generally renders service on the new party a nullity *(Christiansen v City of New York,* 144 AD2d 328, *lv denied* 73 NY2d 710), nevertheless, a failure to obtain leave of the court may be waived and is not fatal in all cases *(Gross v BFH Co.,* 151 AD2d 452; *Gavigan v Gavigan,* 123 AD2d 823). We agree with the IAS court that Forest Electric, by answering plaintiffs' amended pleading and then delaying approximately three months until after the Statute of Limitations had run before moving to dismiss, waived any jurisdictional defect in the manner in which it was joined *(McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d

624). In view of the foregoing, we do not reach plaintiffs' other argument that the oral stipulation they entered into with the originally named defendant, permitting the joinder of additional parties, obviated the need for a court order *(cf., Micucci v Franklin Gen. Hosp.,* 136 AD2d 528, 529; CPLR 3025 [b]).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.