■ MARIE T. TARALLO, Respondent, v ALBERT GOTTESMAN et al., Defendants, and RADIOLOGICAL ASSOCIATES OF BAY RIDGE, P. C., et al., Appellants. [611 NYS2d 267] —In an action to recover damages for medical malpractice, the defendants Radiological Associates of Bay Ridge, P. C., Allen B. Zelman, Harvey Coopersmith, Martin L. Elsant, and Daniel B. Norwitz, d/b/a Radiology Associates, Harvey Coopersmith, and Allen B. Zelman appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated July 16, 1992, which denied their motion for summary judgment dismissing the complaint for failure to obtain leave of the court to add them as parties, and granted the plaintiff's cross motion to amend her complaint nunc pro tunc.

Ordered that the order is affirmed, with costs.

We find that the appellants knew or should have known that the instant action had been commenced against the defendant Dr. Albert Gottesman several months before they were served, without leave of court, but before the expiration of the Statute of Limitations. Nevertheless, the appellants answered the "amended" complaint served on them, and engaged in discovery for approximately six months until, after the Statute of Limitations had run, they moved for summary judgment on the ground of improper joinder. Under the circumstances, we conclude that the appellants waived the alleged defect in the manner in which they were joined as parties *(see, Santopolo v Turner Constr. Co.,* 181 AD2d 429; *Gross v BFH Co.,* 151 AD2d 452; *Gavigan v Gavigan,* 123 AD2d 823; *McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624). In view of the foregoing finding, we do not reach the plaintiff's other argument that a stipulation entered into with the appellants waiving objections to personal jurisdiction obviated the need for a court order *(see, Santopolo v Turner Constr. Co., supra,* at 430; *Micucci v Franklin Gen. Hosp.,* 136 AD2d 528, 529; CPLR 3025 [b]).

We further conclude that the Supreme Court did not improvidently exercise its discretion in permitting the plaintiff to amend her complaint nunc pro tunc, as the appellants failed to show how they would be prejudiced thereby *(see, Brock v Bua,* 83 AD2d 61; *see also,* CPLR 305 [c]; 1003, 3025 [b]). Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.