■ ROBERTA S. HALLIDAY, Individually and as Administrator of the Estate of JAMES HALLIDAY, Deceased, et al., Appellants, v TOWN OF HALFMOON, Defendant, and NORTON COMPANY et al., Respondents. [652 NYS2d 158] —Spain, J. Appeal from an order of the Supreme Court (Mycek, J.), entered August 10, 1995 in Saratoga County, which, *inter alia*, granted certain defendants' motions dismissing the complaint for lack of jurisdiction.

Plaintiffs are residents of the Town of Halfmoon, Saratoga County, who live in the neighborhood surrounding the Old Erie Canal. In the mid to late 1960s defendant Town of Halfmoon allowed a portion of the Old Erie Canal to be used as a landfill. Plaintiffs allege that toxic wastes and hazardous

chemicals were disposed of in this landfill and that these chemicals have "contaminated plaintiffs' soil" and property and that they have suffered property damage and personal injuries as a result of the contamination.

On December 22, 1993 plaintiffs purchased an index number at the Saratoga County Clerk's office. In January 1994 plaintiffs moved, pursuant to CPLR 214-c and General Municipal Law § 50-e, to allow service of a late notice of claim on the Town, the sole named defendant; in July 1994 plaintiffs' request was granted. Plaintiffs filed a complaint forthwith alleging personal injury and property damage as a result of the Town's negligent operation of the landfill; significantly, the nonmunicipal defendants were added, without leave of court, at this time. The nonmunicipal defendants include Ford Motor Company, Norton International, Inc., Norton Company, General Electric Company, AlliedSignal, Inc., Leonard Hospital and Cohoes Memorial Hospital. Plaintiffs allege that the nonmunicipal defendants contributed to their injuries by dumping chemicals into the Old Erie Canal landfill.

Defendants Cohoes Memorial Hospital (hereinafter Cohoes) and General Electric Company (hereinafter GE) served answers to plaintiffs' complaint which failed to raise an affirmative defense of lack of personal jurisdiction. Defendants Leonard Hospital (hereinafter Leonard) and Ford Motor Company (hereinafter Ford) were granted extensions of time to answer and executed stipulations with plaintiffs wherein they agreed to waive any defense of lack of personal jurisdiction and any objection to service of process, respectively.

The remaining defendants, Norton International, Norton Company and AlliedSignal, also entered into a stipulation extending their time to answer; however, rather than answer they moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of jurisdiction. In their supporting affidavits, these remaining defendants assert that plaintiffs were never authorized to join them as defendants to the original cause of action against the Town and, further, that plaintiffs failed to commence a new action against them, as plaintiffs did not obtain a new index number and did not file a copy of the summons and complaint with the Supreme Court Clerk before effecting service. Cohoes and GE each moved for permission to amend their answers to include the defense of lack of personal jurisdiction and for summary judgment dismissing the complaint on this ground. Thereafter, Leonard and Ford also moved for dismissal of the complaint for lack of personal jurisdiction.

Plaintiffs cross-moved for a nunc pro tunc order or, alternatively, for the resettlement of the July 1994 order of Supreme Court seeking to allow "the joinder/commencement of an action by * * * plaintiffs against all of the non-municipal defendants in the same action against the Town". Supreme Court granted the nonmunicipal defendants' motions finding that plaintiffs failed to properly join the nonmunicipal defendants and that joinder could not be accomplished without first receiving court approval. Supreme Court also stated that, because this defect was jurisdictional, it could not be remedied by a nunc pro tunc order. Plaintiffs now appeal.

We affirm. Initially, we reject plaintiffs' assertion that those defendants who stipulated to an extension of time to answer waived their right to assert any jurisdictional defects; in our view, a waiver of a personal jurisdiction defense is not sufficient to overcome plaintiffs' failure to properly join the nonmunicipal defendants in this action. Accordingly, we agree with Supreme Court that plaintiffs' failure to include the nonmunicipal defendants in the original action was not corrected by serving them a copy of the original summons and complaint and adding their names to the caption. In order to add new defendants, plaintiffs were required to seek leave pursuant to CPLR 3025 (b) and 1003 to serve an amended summons and complaint purporting to join the nonmunicipal defendants as party defendants (*see, Ospina v Vimm Corp.*, 203 AD2d 440, 440-441, *lv denied* 84 NY2d 802); their failure to do so is a jurisdictional defect (*see, id.*).* Further, such failure rendered any service upon the nonmunicipal defendants a nullity (*see, Shivers v International Serv. Sys.*, 220 AD2d 357; *Crook v du Pont de Nemours Co.*, 181 AD2d 1039, *affd* 81 NY2d 807).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Plaintiffs' contention that the recent amendment to CPLR 1003 (*see,* L 1996, ch 39, § 2) should be applied retroactively is misplaced. In the absence of a clear expression of legislative purpose to justify a retroactive application of a procedural statute, as herein, an amendment to a statute will not apply retroactively (*see, Simonson v International Bank*, 14 NY2d 281, 289).