■ ISLAND CONDO MANAGEMENT CORP., Plaintiff, v PATRICIA LAROSA, Defendant, DOME PROPERTY MANAGEMENT, INC., Appellant, and MARTIN M. FILLER, Respondent. [671 NYS2d 703] —In an action, *inter alia,* to recover damages for tortious interference with a contract, the defendant Dome Property Management, Inc., appeals (1) from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 8, 1996, which denied its cross motion for judgment on 13 counterclaims asserted against Martin M. Filler in an amended answer, and dismissed those counterclaims, and (2) from so much of an order of the same court, dated September 30, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 8, 1996, is dismissed, without costs or disbursements as that order was superseded by the order dated September 30, 1996, made upon reargument; and it is further,

Ordered that the order dated September 30, 1996, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contention of the appellant Dome Property Management, Inc. (hereinafter Dome), leave of court was required before it could amend its answer so as to add Martin M. Filler as a party defendant on the counterclaims at issue (*see,* CPLR 1003). Dome erroneously relied upon an amendment to the CPLR, effective April 2, 1996, which permits the addition of parties with or without leave of court, but which was not in effect at the time that Dome served its amended answer dated March 14, 1995 (*see, Halliday v Town of Halfmoon,* 235 AD2d 709). Therefore, the court properly determined that Dome's failure to obtain a court order granting leave to add Filler as a party defendant on the counterclaims prior to serving him with amended pleadings rendered such service a nullity, requiring dismissal of the purported counterclaims (*see, Yonker v Amol Motorcycles,* 161 AD2d 638; *Christiansen v City of New York,* 144 AD2d 328). Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.