◼ PANATHY HILL, Respondent, v DOUGLAS ELLIMAN-GIBBONS & IVES et al., Defendants, and 860 FIFTH AVENUE CORP. et al., Appellants. PANATHY HILL, Respondent, v DOUGLAS ELLIMAN-GIBBONS & IVES, Appellant, et al., Defendants.

[702 NYS2d 70] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about February 17, 1999, which, to the extent appealed from, denied those branches of defendant Douglas Elliman-Gibbons & Ives's motion for summary judgment seeking dismissal of plaintiff's claims for race and sex discrimination under Executive Law § 296 and the Administrative Code of the City of New York, and orders, same court and Justice, entered on or about October 27, 1998 and on or about October 7, 1998, which, respectively, granted plaintiff's motion to depose defendants, and, to the extent appealed from as limited by the brief, denied those branches of the building defendants' motion for summary judgment seeking dismissal of plaintiff's non-Federal claims of race and sex discrimination, unanimously affirmed, without costs.

Plaintiff alleges that defendants, the Boards of Directors of various cooperatives and condominiums in Manhattan, as well as the real estate management company and hiring entity for those buildings, engaged in a pattern of unlawful sexual and racial discrimination in violation of New York Executive Law § 296 and the New York City Administrative Code. Although defendants have persistently hindered the discovery process by repeatedly failing to comply with plaintiff's disclosure demands and the IAS Court's compliance orders, they have, nonetheless, sought summary judgment dismissing the complaint. Defendants' repeated failure to fulfill their discovery obligations would, itself, warrant denial of their motions for summary judgment, which, in any event, are deficient upon the merits since defendants have not made a prima facie showing of entitlement judgment as a matter of law (see, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Pirrelli v Long Is. R. R.*, 226 AD2d 166). Defendants' persistent failure to meet the mandates of discovery constitutes an "unusual" circumstance justifying postnote of issue discovery (see, 22 NYCRR 202.21 [d]). We have considered appellants' remaining arguments and find them to be unavailing. Concur—Williams, J. P., Tom, Mazzarelli and Buckley, JJ.