■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, as Administrator of the Estate of ANGEL PAGAN, JR., Deceased, Appellant, v GERALD MCBRIDE et al., Defendants, and JOHNSTON SWEEPER COMPANY, USA, Respondent. [791 NYS2d 570]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated March 19, 2004, which granted the motion of the defendant Johnston Sweeper Company, USA, to dismiss the amended complaint insofar as asserted against it, and denied its cross motion, inter alia, for leave to file and serve, nunc pro tunc, a supplemental summons and amended complaint adding Johnston Sweeper Company, USA, as a party defendant.

Ordered that the order is affirmed, with costs.

CPLR 1003 provides, insofar as is relevant here, that parties may be added at any stage of an action by leave of court. The plaintiff failed to obtain leave of court before service of its amended summons and complaint purporting to add Johnston Sweeper Company, USA (hereinafter Johnston), as a party defendant. The failure to obtain court approval to add Johnston as a party defendant constituted a jurisdictional defect and rendered service of the amended complaint on it a legal nullity (*see Perez v Paramount Communications,* 92 NY2d 749, 753 [1999]; *Yadegar v International Food Mkt.,* 306 AD2d 526 [2003]; *Crair v Brookdale Hosp. Med. Ctr.,* 259 AD2d 586, 589 [1999], *affd* 94 NY2d 524 [2000]; *Dauernheim v Lendlease Cars,* 202 AD2d 624, 625 [1994]). Johnston asserted the improper commencement of the action against it as an affirmative defense in its answer, and it did not waive that objection by participating in disclosure. The cases relied upon by the plaintiff are inapposite because the defendants in those cases either failed to raise an objection in their answer to the improper joinder (*see e.g. Tarallo v Gottesman,* 204 AD2d 303 [1994]; *McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624 [1981]), or waived the objection asserted in their answer by failing to include it in their bills of particulars (*see e.g. Gavigan v Gavigan,* 123 AD2d 823 [1986]; *McDaniel v Clarkstown Cent. Dist. No. 1, supra*).

The plaintiff's remaining contentions either are without merit or improperly raised for the first time on appeal. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.