He-Duan Zheng, Respondent, v American Friends of the Mar Thoma Syrian Church of Malabar, Inc., et al., Defendants, and Mar Thoma Church, Appellant. [889 NYS2d 55]—

In an action to recover damages for personal injuries, the defendant Mar Thoma Church appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated October 22, 2008, as denied its motion pursuant to CPLR 3211 (a) (8) and 1003 to dismiss the complaint insofar as asserted against it on the ground that it was improperly joined in the action without prior leave of court.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Mar Thoma Church (hereinafter the Church) alleged that the plaintiff failed to obtain leave of court prior to serving a supplemental summons and amended complaint naming it as a defendant in this action (see CPLR 1003). However, the failure to obtain prior leave of court is a waivable defect, and is not fatal in all instances (see Gross v BFH Co., 151 AD2d 452 [1989]; see also Tarallo v Gottesman, 204 AD2d 303 [1994]; Santopolo v Turner Constr. Co., 181 AD2d 429 [1992]; cf. Public Adm'r of Kings County v McBride, 15 AD3d 558 [2005]).

In this case, the Church failed to raise its defense of improper joinder in a timely, pre-answer motion to dismiss the complaint, and also failed to assert such defense in its answer. Accordingly, it waived the defense (see CPLR 3211 [a] [8]; [e]). The defense that the Church did raise, that the court lacked jurisdiction over it, "by reason of the manner in which the summons was served," implicates the distinct personal jurisdictional defense of improper service of process, and was insufficiently specific to place the plaintiff on notice that the Church was complaining of improper joinder (see McDaniel v Clarkstown Cent. Dist. No. 1, 83 AD2d 624, 625 [1981]).

In any event, the Church waived its improper joinder defense by its conduct in attending and participating in a preliminary conference setting forth a schedule for discovery, and in waiting until after the applicable statute of limitations had expired prior to making its motion to dismiss (see Tarallo v Gottesman, 204 AD2d 303 [1994]; Santopolo v Turner Constr. Co., 181 AD2d 429 [1992]; Gross v BFH Co., 151 AD2d 452 [1989]). Moreover, the Church cannot claim surprise or prejudice due to the plaintiff's delay in seeking leave to add it as a defendant in light of the statements made by its Treasurer to the investigators for its insurance carrier indicating that the Church was aware of the subject accident on the very day that it occurred. Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.