Lahtinen, J.
Cross appeals from an order of the Supreme Court (O’Shea, J.), entered March 9, 2012 in Chemung County, which, among other things, partially granted defendant’s motion for summary judgment dismissing the complaint.
This case presents straightforward facts wrapped in a maze of legal procedures. It arose from a tragic accident on October 22, 2006, when the young sons (born in 2003 and 2005) of plaintiff Melanie Kelley (hereinafter plaintiff) apparently stood and/or jumped on an open oven door, resulting in the stove tipping over causing the death that day of the youngest child. Earlier in the month, plaintiff had detected an odor of gas in her apartment and called Lisa Carpino, who was a property manager for the company that served as rental agent for the owner. Lisa Carpino referred plaintiff to her (now estranged) husband, Michael Carpino (hereinafter Carpino), who was also a property manager for the same rental agent, but he managed apartments other than where plaintiff resided. Carpino nonetheless assisted his wife and he arranged for the purchase of a new stove from Wernick’s appliance store, which was delivered to the apartment. He also contacted defendant regarding installation.
*1176 Defendant asserts that his job was simply to disconnect the old stove from the gas line and then come back to connect the new stove to the gas line, and that Carpino would take care of any further installation. Carpino contends that he hired defendant to do all installation work. In addition to connecting the gas line to the new stove on October 13, 2006, defendant fixed a warranty part on the stove, attached an extension cord and slid the stove to within a few inches of the wall. Importantly for purposes of this litigation, an anti-tip bracket was not installed. Less than two weeks later, while plaintiff and her then boyfriend (the father of the children) slept in another room in the apartment, the accident occurred.
In October 2008, plaintiff commenced an action (index No. 2889/08), individually and as administrator of the estate of her deceased child and as guardian of the older child, against Carpino and the rental agency that managed the apartment. Plaintiff served an amended summons and complaint in November 2008. In January 2009 and without leave from the court, plaintiff served a second amended summons and complaint, with defendant being named for the first time in the second amended complaint, but he was not named in the second amended summons. Affirmative defenses alleged by defendant in his answer included lack of personal jurisdiction and insufficient process. On October 1, 2009, plaintiff moved for permission to “amend/supplement” her second amended summons to add defendant (but did not seek any relief regarding the improperly served second amended complaint). Defendant cross-moved to dismiss the second amended complaint against him because plaintiff had failed to obtain leave of the court prior to serving it. In a decision and order dated November 25, 2009 (and apparently entered on December 16, 2009), Supreme Court denied plaintiffs motion and granted defendant’s cross motion.[1] That order was not appealed.
On December 24, 2009, plaintiff commenced the current action (index No. 2993/09) against defendant based upon his alleged negligence in failing to install an anti-tip bracket. The first cause of action asserted conscious pain and suffering by the younger child before his death[2] and the second cause of ac *1177 tion asserted that the older child was in the zone of danger when witnessing his brother’s death, suffering mental anguish as a result thereof. Affirmative defenses raised by defendant included the statute of limitations. Thereafter, plaintiff’s parental rights regarding her surviving son were terminated by Family Court in October 2010, the termination was upheld on appeal, and the child was adopted in August 2011. Without court leave or a written stipulation (but allegedly based on an oral agreement), plaintiff’s counsel served an amended summons and complaint in September 2011 adding plaintiffs Kimberly Schultz and Andrew Schultz (hereinafter the adoptive parents) as plaintiffs in their representative capacity for the surviving son’s negligence claim against defendant (i.e., the second cause of action).
In December 2011, defendant moved for summary judgment dismissing the action based on the amended complaint being served without court leave, the statute of limitations, and defendant (as a third-party contractor) not having a legal duty to the occupants of the apartment. Plaintiff and the adoptive parents cross-moved seeking, among other things, leave to file a “revised” complaint adding the adoptive parents as guardians of the surviving child and permission to conduct additional discovery on the issue of duty. Supreme Court found, among other things, that plaintiff’s action on behalf of the deceased child was time-barred and dismissed it. The court further found that the action for the surviving child (now pursued by the adoptive parents) received the benefit of the infancy toll (see CPLR 208) and that there was a sufficient issue of fact regarding whether defendant owed a duty to such child so as to permit further discovery on that issue. The parties cross-appeal from this order.
Initially, we clarify that the adoptive parents should have been granted permission to supplement the summons and amend the complaint to set forth their representative capacity for the claim asserted on behalf of the surviving child in the second cause of action. Supreme Court did not directly address this issue, but it appears to have granted such relief since it added the adoptive parents to the caption of its decision and denied defendant’s motion for summary judgment seeking dismissal of the second cause of action. In any event, while the better procedure would have been to seek court leave or obtain a written stipulation before serving such pleadings, the adoptive parents subsequently cross-moved for such relief, leave to amend *1178 is freely given, and there is no prejudice to defendant (see generally CPLR 305, 3025; Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012]; Keenan v Mitsubishi Estate, N.Y., 228 AD2d 330, 331 [1996], lv dismissed 89 NY2d 982 [1997]; see also Velez v South Nine Realty Corp., 32 AD3d 1017, 1019 [2006]).
Next, we consider whether the first cause of action, asserted by plaintiff for the pain and suffering of the deceased child, is barred by the statute of limitations. Plaintiff received letters of administration on April 1, 2008, the infancy toll of CPLR 208 does not apply to the deceased child’s claim for pain and suffering (see generally Heslin v County of Greene, 14 NY3d 67 [2010]; Baez v New York City Health & Hosps. Corp., 80 NY2d 571 [1992]), and the three-year negligence statute of limitations controls (see CPLR 214 [5]). The claim accrued on October 22, 2006 and this action (index No. 2993/09) was commenced more than three years later on December 24, 2009. Plaintiff asserts that the action is saved by the toll articulated in Perez v Paramount Communications (92 NY2d 749 [1999]) or, alternatively, by the recommencement provision of CPLR 205 (a).
When a plaintiff is approaching the expiration of the statute of limitations and needs judicial leave to properly add a party (see CPLR 305, 1003, 3025 [b]), the filing of a motion for leave to amend, together with the proposed supplemental summons and amended complaint, tolls the statute of limitations until the date of entry of the motion court’s order (see Perez v Paramount Communications, 92 NY2d at 754-756). Here, with respect to adding defendant as a party to its 2008 complaint, plaintiff did not follow the statutory procedures. Instead, she served the complaint without leave of the court, an error which “render[ed] the pleadings jurisdictionally defective” (id. at 753) and frequently results in dismissal (see Yadegar v International Food Mkt., 306 AD2d 526, 526 [2003]; Halliday v Town of Halfmoon, 235 AD2d 709, 711 [1997]; Crook v du Pont de Nemours Co., 181 AD2d 1039 [1992], affd for reasons stated below 81 NY2d 807 [1993]; but see He-Duan Zheng v American Friends of the Mar Thoma Syrian Church of Malabar, Inc., 67 AD3d 639, 640 [2009]; Santopolo v Turner Constr. Co., 181 AD2d 429, 429 [1992]). Thereafter, and as the statute of limitations was about to expire, plaintiff moved for leave to add defendant, but she sought leave only regarding the summons. Her notice of motion did not request relief regarding the jurisdictionally defective second amended complaint (cf. US Bank N.A. v Gestetner, 103 AD3d 962, 964 [2013]). In light of the failure to adhere to proper procedures for adding a defendant, which resulted in Supreme *1179 Court dismissing the defective complaint and denying the motion to supplement the summons, we are unpersuaded that the toll served to extend the time for plaintiff to commence the second action. Moreover, inasmuch as Supreme Court held in its November 2009 decision that it was dismissing the first action (index No. 2889/08) for lack of personal jurisdiction as to defendant, and no appeal was taken challenging such determination, the recommencement provision of CPLR 205 (b) does not apply.
Defendant contends that, since he performed work as a contractor for the rental agent, he owed no duty to the surviving child and, thus, his motion for summary judgment in this regard should have been granted.[3] “[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party” (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). The three limited exceptions to this general rule include: “(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties[;] and (3) where the contracting party has entirely displaced the other party’s duty to maintain the premises safely” (Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007] [internal quotation marks and citations omitted]). Care must be taken in the application of the exceptions so that they do not “swallow up the general rule” (Church v Callanan Indus., 99 NY2d 104, 112 [2002]), and determining whether a duty exists is “a question of law for the courts” (id. at 110-111; see LaMoy v MH Contrs., LLC, 78 AD3d 1311, 1312 [2010]).
Under the first exception, a contractor may be liable to a third party where the contractor’s conduct makes the premises more dangerous, thereby increasing the risk of harm (see Schosek v Amherst Paving, Inc., 11 NY3d 882, 883 [2008]; Haracz v Cee Jay, Inc., 74 AD3d 1145, 1146 [2010]; Grady v Hoffman, 63 AD3d 1266, 1267 [2009]; Dobbs et al., Torts § 412 [2d ed 2011]). The illustration of this principle in the Restatement involves store owner A, who hires B to fix a defective overhead light, but when B’s worker repairs the defective light, the worker leaves the light fixture insecurely attached and it falls on C (see Restatement [Second] of Torts § 324 A, Comment c, Illustration 1). Viewing the facts most favorably to the party opposing summary judgment, the current case is potentially analogous to the Restatement illustration. There is evidence *1180 (albeit disputed) that defendant was hired to disconnect a stove that had a gas leak and to install a new stove that was delivered to the premises. What is not clear from the record, and is significant, is whether the old stove was secured by an anti-tip bracket or similar device. When plaintiff was asked whether the old stove had anti-tip brackets, she responded, “Not that I know, to my knowledge.” While she may not know the answer, there were others who may have knowledge regarding the old stove who either were not asked or had not been deposed. Hence, Supreme Court’s denial of defendant’s motion at this point to permit further discovery by the adoptive parents was not error.
The remaining arguments are either academic or unavailing.
Mercure, J.E, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

. It is not clear from the record what has happened to the aspect of the action against Carpino and the rental agency, neither of which apparently had insurance.

. A claim for wrongful death, although asserted in the previously dismissed second amended complaint (index No. 2889/08), was not asserted in this action. Plaintiff apparently acknowledged that the wrongful death action *1177 was untimely as to defendant since he was not served in the earlier action until March 2009.

. Such contention would apply as an alternative ground for dismissal as to the first cause of action.