Innovation Assoc., Inc. v Filbin Painting, Inc. (2018 NY Slip Op 08730)





Innovation Assoc., Inc. v Filbin Painting, Inc.


2018 NY Slip Op 08730


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526279

[*1]INNOVATION ASSOCIATES, INC., Respondent,
v
FILBIN PAINTING, INC., Appellant. (And a Third-Party Action.)

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of counsel), for appellant.
Law Offices of Theresa J. Puleo, Syracuse (Michelle M. Davoli of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered October 23, 2017 in Broome County, which, among other things, granted plaintiff's motion for partial summary judgment on the issue of liability.
In early 2012, plaintiff and third-party defendant BAE Systems separately leased and occupied commercial space in a large, single-floor building on the Huron Campus in the Village of Endicott, Broome County. Plaintiff's space, situated in the northwest quadrant of the building, was separated from the remainder of the building by a wall that ran from the floor to the ceiling along the southern border of its space and another wall that ran along the eastern side of its space, but which did not fully extend to the ceiling. BAE Systems leased the remaining portion of the building and, at some point, sought to renovate its space. To that end, BAE Systems hired third-party defendant PJF Enterprises, Inc. as the general contractor of the project, and PJF thereafter subcontracted with defendant to provide painting services.
In the overnight hours of April 26, 2012 into April 27, 2012, defendant's employees painted the ceiling in the southeast quadrant of the building using dry fog paint — a type of paint that is applied with an airless paint sprayer and which is specifically designed so that any excess paint falls several feet from the wall and turns into powder for easy cleanup. Several hours after defendant's employees finished painting the ceiling, plaintiff discovered paint particles inside its space, which it used to design and develop automated dispensing systems for drug dispensing. As a result, plaintiff commenced this negligence action against defendant seeking to recover for, among other things, damage caused to its property by the paint particles. Defendant answered [*2]and, thereafter, commenced a third-party action against BAE Systems and PJF Enterprises,[FN1] which, in turn, answered and asserted counterclaims against defendant [FN2]. Following discovery, plaintiff moved for partial summary judgment on the issue of liability, and defendant cross-moved for summary judgment dismissing the complaint as a matter of law. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting this appeal by defendant.
"[O]rdinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; Kelley v Schneck, 106 AD3d 1175, 1179 [2013], lv dismissed 21 NY3d 1069 [2013]). However, as relevant here, "a party who enters into a contract to render services may be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons . . . where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm" (Espinal v Melville Snow Contractors, Inc., 98 NY2d at 140 [internal quotation marks, brackets and citation omitted]; see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]; Church v Callanan Indus., 99 NY2d at 111).
Contrary to Supreme Court's conclusion, plaintiff's submissions — which included defendant's subcontract with PJF and deposition testimony from, among others, defendant's and PJF's principals and employees — failed to demonstrate its prima facie entitlement to summary judgment on the issue of liability (see Billera v Merritt Constr., Inc., 139 AD3d 52, 59 [2016]). The deposition testimony did not establish the exact manner in which the paint particles migrated from the southeast quadrant of the building, where defendant was painting, to the northwest quadrant of the building, where plaintiff operated its business. Plaintiff's submissions provided some evidence to support its theory that the paint particles traveled into its space due to the absence of sealed floor-to-ceiling barriers separating the southeast and northeast quadrants and the northeast and northwest quadrants, as well as the operation of the HVAC system, which had not been covered or turned off prior to the painting. However, conflicting deposition testimony, together with the subcontract, raised numerous triable issues of fact as to, among other things, the scope of defendant's and PJF's respective duties and responsibilities under the subcontract and prevailing industry standards (see generally Hahn v Tops Mkts., LLC, 94 AD3d 1546, 1547-1548 [2012]), particularly given the evidence that the dry fog paint process required a positive air flow, that there were no HVAC ducts in the area that was painted on the dates in question and that the HVAC system was in the process of being deconstructed and removed. In short, questions of fact persisted as to whether defendant failed to exercise reasonable care in the performance of its painting duties and, if so, whether such failure caused the paint particles — the force or instrument of harm alleged here — to enter plaintiff's space (see Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [2016]; Billera v Merritt Constr., Inc., 139 AD3d at 59; Greater N.Y. Mut. Ins. Co. v ERE LLP, 125 AD3d 417, 418 [2015]; Wade v Bovis Lend Lease LMB, Inc., 102 AD3d 476, 477 [2013]; Grady v Hoffman, 63 AD3d 1266, 1267 [2009]). Accordingly, Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability and, for the same reasons, defendant was not entitled to summary judgment dismissing the complaint.
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment on the issue of liability; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendant also named Huron Real Estate Associates, LLC as a third-party defendant. However, by stipulation, the third-party action against Huron has been discontinued.

Footnote 2: BAE Systems also asserted a cross claim against PJF Enterprises.