Blackstock v Accede Inc. (2023 NY Slip Op 06328)

Blackstock v Accede Inc.

2023 NY Slip Op 06328

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 151419/17 Appeal No. 1182-1183 Case No. 2022-05401, 2022-05402 

[*1]Kim Blackstock, Plaintiff-Appellant,
v
Accede Inc., et al., Defendants, BP America Inc., et al., Defendants-Respondents. 

Wiese & Aydiner, PLLC, Mineola (Si Aydiner of counsel), for appellant.
Clark & Fox, New York (Patrick J. Reilly III of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about November 18, 2022, which granted defendants BP America Inc., BP Corporation North America Inc., and BP New York LLC's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 18, 2022, granting BP America Inc., BP Corporation North America Inc. and BP New York LLC's motion pursuant to 22 NYCRR 202.21 and CPLR 2304(e) to quash plaintiff's subpoena directed at nonparty Eastside Gas Inc., and for a protective order precluding plaintiff from deposing and requesting documents from that nonparty, unanimously dismissed, without costs, as abandoned and academic.
BP Products North America Inc. (BP Products) waived the alleged defect of not being named a defendant in the complaint by serving an answer on behalf of the named BP defendants, failing to assert the affirmative defense of lack of jurisdiction or improper joinder, and participating in discovery without objection (see He-Duan Zheng v American Friends of the Mar Thoma Syrian Church of Malabar, Inc., 67 AD3d 639, 640 [2d Dept 2009]; Santopolo v Turner Constr. Co., 181 AD2d 429, 429 [1st Dept 1992]).
BP Products did not owe plaintiff a duty under the doctrine of special use to render it liable for his trip and fall over a raised gas cap. It is undisputed that BP Products was not the owner of the privately owned gas station where the gas cap was located, nor was BP Products an abutting landowner, and the record indicates that BP Products did not have the requisite access and control to invoke the special use principle. On these facts, the special use doctrine is not applicable (see Kaufman v Silver, 90 NY2d 204, 207, 209 [1997]; Balsam v Delma Eng'g Corp., 139 AD2d 292, 296-298 [1st Dept 1988], lv dismissed 73 NY2d 783 [1988]).
The dealer supply agreement (DSA) between BP Products and the gas station fails to create vicarious liability on the part of BP Products. Under the DSA, the gas station is an independent contractor responsible for the daily maintenance, management, and operation of the premises, and thus BP Products cannot be held vicariously liable as a franchisor (see Hart v Marriott Intl., 304 AD2d 1057, 1058-1059 [3d Dept 2003]). Even though the DSA required the gas station to adhere to certain quality, image, and branding standards and afforded BP Products certain rights to enter the gas station and inspect the premises, retention of these rights did not evidence the day-to-day control required to give rise to a legal obligation (see Martinez v Higher Powered Pizza, Inc., 43 AD3d 670, 671 [1st Dept 2007]).
Since summary judgment dismissing the complaint as against BP was properly granted, plaintiff's cross-motion to amend the pleadings to correct the accident location is rendered academic.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023