Carboni v Alfa Romeo USA (2024 NY Slip Op 00351)

Carboni v Alfa Romeo USA

2024 NY Slip Op 00351

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 190328/19 Appeal No. 1520 Case No. 2023-00777 

[*1]Susan Carboni etc., et al., Plaintiffs-Respondents,
v
Alfa Romeo USA, Defendant-Appellant, Amchem Products, Inc., etc., et al., Defendants.

Lynch Daskal Emery LLP, New York (Daniel J. Gagliardi of counsel), for appellant.
Weitz & Luxenberg P.C., New York (Alani Golanski of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on January 5, 2023, which denied defendant's motion for summary judgment dismissing the claims against it, unanimously modified, on the law and in the exercise of discretion, to the extent of permitting leave to renew after plaintiff has had an opportunity to conduct relevant discovery, and otherwise affirmed, without costs.
The court correctly denied defendant's motion for summary judgment under CPLR 3212(f) as plaintiffs sufficiently demonstrated that defendant exclusively possessed specific and relevant information necessary for the determination of the summary judgment motion, and they attempted to discover those facts but were unable to do so (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557 [1st Dept 2007]). In the instant motion, defendants argued for the first time that plaintiffs had proceeded against a nonexistent corporate entity, "Alfa Romeo USA," and the true entity, FCA US LLC, did not exist at the time of the plaintiff's alleged exposures to asbestos while working as a mechanic repairing and maintaining Alfa Romeo vehicles. However, defendant participated in the litigation for several years as "Alfa Romeo USA," including questioning plaintiff and other deponents about their experiences with Alfa Romeo vehicles and parts. Additionally, defendant failed to respond to standard New York City Asbestos Litigation (NYCAL) interrogatories, which included questions regarding corporate history and successor liability. After defendant filed its motion, plaintiffs requested these answers and supporting documents, which defendant declined to provide. Plaintiffs relied on publicly available documents to argue that defendant's parent company had ties to the owner of the Alfa Romeo brand. Under these circumstances, plaintiffs' requests for further disclosure were neither speculative nor precluded by the filing of the note of issue (see Martin v City of New York, 177 AD3d 411, 412 [1st Dept 2019]; cf. Hill v Elliman-Gibbons & Ives, 269 AD2d 117, 118 [1st Dept 2000]). However, the court should have clarified that its denial of defendant's motion under CPLR 3212(f) was without prejudice pending further disclosure (see Classic Moments Co. v Akata, 176 AD2d 567, 567 [1st Dept 1991]).
Plaintiffs' pleadings were sufficient to put defendant on notice of their successor liability theory, and there was no misunderstanding among the parties as to plaintiff's allegations (see Matter of New York City Asbestos Litig., 217 AD3d 557, 559-560 [1st Dept 2023]). Defendant acknowledges the use of Alfa Romeo USA as a trade name, and defendant never moved to dismiss the complaint on the grounds that plaintiffs sued the wrong entity; instead, it accepted service, appeared, and answered, depriving plaintiffs of notice that it intended to raise the issues of its corporate identity and history (see Blackstock v Accede Inc., __ AD3d __, 2023 NY Slip Op 06328 [1st Dept 2023]; Fink [*2]v Regent Intern. Hotel, 234 AD2d 39, 41 [1st Dept 1996]).
In any event, defendant did not meet its prima facie burden on summary judgment by unequivocally establishing that FCA US LLC bore no liability for the Alfa Romeo parts and cars at issue (see Reid v Georgia Pacific Corp., 212 AD2d 462 [1st Dept 1995]). The deposition testimony raised a triable issue of fact as to whether Carboni was exposed to asbestos through his contact with Alfa Romeo vehicles (see Dollas v Grace & Co., 225 AD2d 319, 321 [1st Dept 1996]; see also Knee v A.W. Chesterton Co., 52 AD3d 355, 355-356 [1st Dept 2008]). While an affidavit is generally considered competent and sufficient evidence on a motion for summary judgment (see Miller v City of New York, 253 AD2d 394, 395-396 [1st Dept 1998]), an affidavit that is conclusory and without specific factual basis does not establish the prima facie burden of a proponent of a motion for summary judgment (see Matter of New York City Asbestos Litig., 123 AD3d 498, 499 [1st Dept 2014]). Here, the affidavit and supporting documents provided by defendant were conclusory, lacking in relevant detail, and failed to expressly deny or squarely refute the possibility that a successor relationship existed between FCA US LLC and any entity responsible for the manufacture and supply of Alfa Romeo vehicles and parts during the periods at issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024