**Jones v BP Prods. N. Am., Inc.**

2025 NY Slip Op 30448(U)

February 3, 2025

Supreme Court, New York County

Docket Number: Index No. 150098/2022

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**

*Justice*

| | |
|---|---|
| PART | 57M |

-------------------------------------------------------------------------------X

ROBERT JONES,

                         Plaintiff,

               - v -

BP PRODUCTS NORTH AMERICA, INC.,UPTOWN
SERVICE STATION CORP., MALU PROPERTIES, INC.

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150098/2022 |
| MOTION DATE | 10/28/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65

were read on this motion to/for          JUDGMENT - SUMMARY          .

## BACKGROUND

Plaintiff commenced this action seeking damages for a trip and fall due to an alleged hole or broken up cement on the tarmac of a gas station located at 2326 First Avenue, New York, New York. BP Products North America, Inc. ("BP") now moves for summary judgment. For the reasons set forth below, the motion is granted.

## ALLEGED FACTS

Malu Properties ("Malu") owned the property located 2326 First Avenue, New York, New York on the date of the accident. Uptown Service Station ("USS") was responsible for the maintenance of the concrete and pavement area of the subject property and service station. BP entered into a Broker Dealer Supply Agreement ("BDSA") with USS dated May 19, 2020 and effective from October 9, 2020 through October 8, 2023.

**150098/2022   JONES, ROBERT vs. BP PRODUCTS NORTH AMERICA, INC. ET AL**
**Motion No.  002**

**Page 1 of 4**

1 of 4

Pursuant to the terms of the BDSA, USS was permitted to sell "bp" branded motor fuel and display "bp" branding at the subject premises. Pursuant to paragraph 14 of the BDSA, USS is an "independent business" and the BDSA shall not be construed as reserving to or conferring upon bp any right to direct or control Dealer or any of Dealer's employees in the conduct of Dealer's business.

Pursuant to paragraph 10(3) of the BDSA, USS is obligated to "keep the premises […including the] sidewalks, approaches, [and] driveways […] clean, safe, sanitary, and free of trash, rubbish and other debris at [USS'] own cost and expense.

## DISCUSSION

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor. *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851 (1985)*; Zuckerman v. City of New York,* 49 N.Y.2d 557 (1980). Absent such a *prima facie* showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hospital,* 68 NY2d 320, 324 [1986]).

However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v Waisman,* 39 AD3d 303, 306 [1st Dept 2007], citing *Alvarez,* 68 NY2d at 324). "[A]ll of the evidence must be viewed in the light most favorable to the opponent of the motion" (*People v Grasso,* 50 AD3d 535,544 [1st Dept 2008]).

To establish a negligence cause of action, a plaintiff must demonstrate (1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) that the breach is a proximate cause of

**150098/2022   JONES, ROBERT vs. BP PRODUCTS NORTH AMERICA, INC. ET AL**          **Page 2 of 4**
   **Motion No.  002**

2 of 4

[* 2]

Plaintiff's injury or damages; and (4) that the plaintiff suffered a legally cognizable injury or damages. *See Solomon & Solomon v. City of New York*, 66 N.Y.2d 1026, (1985); *Akins v. Glens Falls City School District*, 53 N.Y.2d 325 (1981).

In its moving papers BP asserts it had no legal duty to plaintiff and cites a First Department case which is directly on point where BP was granted summary judgment and dismissal by the First Department which held:

> It is undisputed that BP Products was not the owner of the privately owned gas station where the gas cap was located, nor was BP Products an abutting landowner, and the record indicates that BP Products did not have the requisite access and control to invoke the special use principle. On these facts, the special use doctrine is not applicable (*see Kaufman v Silver*, 90 NY2d 204, 207, 209 [1997]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-298 [1st Dept 1988], *lv dismissed* 73 NY2d 783 [1988]).

> The dealer supply agreement (DSA) between BP Products and the gas station fails to create vicarious liability on the part of BP Products. Under the DSA, the gas station is an independent contractor responsible for the daily maintenance, management, and operation of the premises, and thus BP Products cannot be held vicariously liable as a franchisor (*see Hart v Marriott Intl.*, 304 AD2d 1057, 1058-1059 [3d Dept 2003]). Even though the DSA required the gas station to adhere to certain quality, image, and branding standards and afforded BP Products certain rights to enter the gas station and inspect the premises, retention of these rights did not evidence the day-to-day control required to give rise to a legal obligation (*see Martinez v Higher Powered Pizza, Inc.*, 43 AD3d 670, 671 [1st Dept 2007]).

*Blackstock v. Accede Inc.*, 222 A.D.3d 450, 451 (2023), *leave to appeal denied*, 41 N.Y.3d 906 (2024).

Plaintiff's argument that bp "caused, permitted or allowed a pothole to exist" is without merit as it unsupported by any evidence and contradicted by the actual facts of this case. Instead, the uncontested facts establish that the subject property was owned by defendant Malu, who had a non-delegable duty to maintain the property. Malu never contracted with BP.

**150098/2022  JONES, ROBERT vs. BP PRODUCTS NORTH AMERICA, INC. ET AL**
**Motion No.  002**

**Page 3 of 4**

3 of 4

[* 3]

Plaintiff's argument that BP assumed a level of responsibility for the safety of its patrons by allowing USS to use its branding is equally unavailing, as BP neither owned the property nor operated or maintained it. The record is devoid of any evidence to support the claim that BP had any responsibility to maintain the property. The BDSA between BP and USS was not a franchisee agreement [New York General Business Law § 681(b)], but a contract for the sale of motor fuel.

Based on the forgoing, the Court finds that BP has made a *prima facie* showing of entitlement to summary judgment and dismissal of the action against as a matter of law, as it owed plaintiff no duty. Plaintiff in its opposition failed to raise a triable issue of fact.

WHEREFORE it is hereby:

ORDERED that the motion for summary judgment is granted and the complaint is dismissed against BP PRODUCTS NORTH AMERICA, INC ; and it is further

ORDERED that, within 20 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)].

20250203171732SBKRAUS1B07F9358E0E476B978FD4BECF3C9897

| 2/3/2025 | | | | SABRINA KRAUS, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150098/2022  JONES, ROBERT vs. BP PRODUCTS NORTH AMERICA, INC. ET AL**                    **Page 4 of 4**
**Motion No.  002**

[* 4]