■ OLGA OSPINA, Appellant, v VIMM CORP., Also Known as VIMM, INC., Respondent. (And a Third-Party Action.) [610 NYS2d 574] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Graci, J.) dated May 27, 1992, as granted summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured in 1985 when she was operating a vertical injection molding machine that was manufactured in 1975 by an entity known as VIMM Corp. VIMM Corp., a Massachusetts corporation, was dissolved in 1979. The plaintiff attempted to commence this action against "VIMM Corporation a/k/a VIMM, Inc." by service upon Robert O'Donnell, the president of VIMM Machine, Inc. The complaint clearly indicates that the plaintiff intended to sue the manufacturer and/or seller of the vertical injection molding machine in question.

No later than September of 1987, when an EBT of O'Donnell was conducted, the plaintiff was fully apprised that VIMM Machine, Inc., was a separate and distinct legal entity from VIMM Corp. Nonetheless, at no time did the plaintiff make a motion seeking leave to serve a supplemental summons and complaint to add VIMM Machine, Inc., as a party defendant. This is not a case where a party is misnamed (see, Medina v City of New York, 167 AD2d 268; Ober v Rye Town Hilton, 159 AD2d 16); rather it is a case where the plaintiff seeks to add or substitute a party defendant (see, Reid v

*Niagara Mach. & Tool Co.,* 170 AD2d 662; *Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483; *Polizzano v Gotham Constr. Corp.,* 47 AD2d 48). The plaintiff's failure to seek leave pursuant to CPLR 3025 (b) and CPLR 1003 to serve an amended summons and complaint purporting to join VIMM Machine, Inc., as a party defendant is a jurisdictional defect *(see, Crook v du Pont de Nemours Co.,* 181 AD2d 1039, *affd* 81 NY2d 807; *Yonker v Amol Motorcycles,* 161 AD2d 638).

The Supreme Court properly granted summary judgment dismissing the complaint on the ground that the plaintiff's action was against a non-existent corporation, Vimm Corp., that could not be sued in this State *(see,* Mass Annot Laws, ch 155, § 51; *Bayer v Sarot,* 51 AD2d 366, *affd* 41 NY2d 1070; *Mock v Spivey Co.,* 167 AD2d 230). The Supreme Court also properly found that VIMM Machine, Inc., was not a party to the action.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.