*751
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The issue raised on this appeal is whether the filing of a motion for leave to amend the complaint to add a defendant to a pending action can, for Statute of Limitations purposes, be considered the timely commencement of the action as against the party sought to be added when the motion papers include a copy of the proposed supplemental summons and amended complaint.
 

 Plaintiff Carlos Perez alleges that he was injured on November 20, 1990, when he fell from a scaffold while working to renovate Manhattan’s Madison Square Garden.
 
 [1]
 
 On November 27, 1992, plaintiff filed this negligence action in Bronx Supreme Court against defendant Paramount Communications, Inc. In his complaint, plaintiff alleged that Paramount was liable for his injuries based upon its ownership and opera
 
 *752
 
 tion of Madison Square Garden. Later, during discovery, plaintiff learned that in fact Paramount was not the owner or operator of Madison Square Garden and that an entity known as Madison Square Garden, L.P. (MSG) was. Discovery also revealed that two general contractors, Herbert Construction Corporation and H.R.H. Construction Corporation (Herbert/ HRH), were involved in the project.
 

 On June 16, 1993, plaintiff moved by notice of motion for leave to amend his complaint to add MSG as a defendant. Annexed to his motion papers was a copy of the proposed supplemental summons and amended complaint, copies of which plaintiff mailed to Paramount and filed with the court. Supreme Court granted plaintiff’s motion to amend to add MSG as a defendant by a settled order dated October 28, 1993, and entered on November 3, 1993. On November 1, 1993, plaintiff served the supplemental summons and amended complaint on Paramount and MSG. On December 2, 1993, plaintiff filed the supplemental summons and amended complaint with the court accompanied by proof of service.
 

 On November 29, 1993, plaintiff instituted a separate action against the general contractors, and thereafter successfully moved to consolidate the separate actions. All defendants then moved to dismiss — Paramount, on the ground that it did not own or operate Madison Square Garden and thus could not be held liable for plaintiff’s injuries; and MSG and Herbert/HRH on the grounds that the action was barred by the Statute of Limitations.
 

 Supreme Court agreed with Paramount and dismissed the action against it, and also granted summary judgment to Herbert/HRH on Statute of Limitations grounds. Using an accident date of November 20, 1990, the court concluded that the filing of plaintiff’s action against Herbert/HRH on November 29, 1993 was barred by the applicable three-year Statute of Limitations (CPLR 214 [5]). Although Supreme Court found that plaintiff’s action against MSG was also untimely, the court held that MSG and Paramount were “united in interest” such that the action against MSG was timely as a result of the filing of plaintiff’s original claim against Paramount.
 

 The Appellate Division unanimously affirmed, albeit for different reasons. The Appellate Division disagreed with Supreme Court that MSG and Paramount were “united in interest” since different defenses were available to each. Nevertheless, the Court concluded that the action against MSG was timely
 
 *753
 
 because plaintiff filed his motion to amend the complaint to add MSG as a defendant, with a copy of the proposed supplemental summons and amended complaint, prior to expiration of the Statute of Limitations. Thereafter, the Appellate Division granted leave to MSG to appeal to this Court and certified the question of whether its order was properly made. We answer that certified question in the affirmative and accordingly affirm.
 

 Nearly 50 years ago, we held in
 
 Arnold v Mayal Realty Co.
 
 (299 NY 57) that prior to receiving judicial permission, service of a notice of motion for leave, to amend to add a defendant to an action, which included the proposed supplemental summons and amended complaint, could not be considered commencement of the action against the party sought to be added. Under
 
 Arnold,
 
 unless and until judicial permission to add a defendant was obtained, service of the motion papers alone did not stop the running of the Statute of Limitations.
 

 Plaintiff in this case challenges the reach of
 
 Arnold
 
 in light of the policies of the CPLR, and this State’s recent transition to a commencement-by-filing system
 
 (see,
 
 CPLR 304, as amended by L 1992, ch 216, § 4). Plaintiff argues that the filing of a motion for leave to amend to add a defendant to the action along with a copy of the proposed supplemental summons and amended complaint should be considered the interposition of the claim against the prospective party. Accordingly, under plaintiffs view, the filing of such a motion is itself sufficient to stop the running of the Statute of Limitations. Pursuant to that interpretation, the claim against MSG was interposed as of June 16, 1993. Plaintiff alternatively urges a rule which would allow for the tolling of the Statute of Limitations during the pendency of the motion, until the court renders its deci
 
 [1]
 
 sion. MSG, on the other hand, urges us to extend
 
 Arnold
 
 to the commencement-by-filing system and dismiss the instant action.
 

 The joinder of an additional defendant by the filing of a supplemental summons and amended complaint may be accomplished only with prior judicial permission, and noncompliance renders the pleadings jurisdictionally defective
 
 (see,
 
 CPLR 1003;
 
 Crook v du Pont de Nemours Co.,
 
 81 NY2d 807,
 
 affg
 
 181 AD2d 1039;
 
 Ospina v Vimm Corp.,
 
 203 AD2d 440;
 
 Dauernheim v Lendlease Cars,
 
 202 AD2d 624). CPLR 1003, as it existed at the time of this action, required leave of court to add a party
 
 *754
 
 defendant.
 
 [2]
 
 Therefore, unless a separate action is filed, a plaintiff seeking to add a defendant in most cases must first apply for, and then await, judicial permission. Where the motion, including the proposed supplemental summons and amended complaint, is filed with the court within the applicable limitations period, but the ruling by the court does not occur until after expiration, dismissal is inappropriate and would offend the CPLR’s liberal policies of promoting judicial economy and preventing a multiplicity of suits
 
 (see, Blanco v American Tel. & Tel. Co.,
 
 90 NY2d 757, 773;
 
 City of New York v Long Is. Airports Limousine Serv. Corp.,
 
 48 NY2d 469, 475; CPLR 104).
 

 We reject MSG’s position that the rationale
 
 oí Arnold
 
 should be continued in commencement-by-filing circumstances. While we recognize that commencement-by-service is still operational in some State courts and that the rationale of
 
 Arnold
 
 will still be operative,
 
 [3]
 
 a different rule is needed for the commencement-by-filing system. Statutes of Limitation are designed to promote justice by preventing prejudice through the revival of stale claims
 
 (Blanco v American Tel. & Tel. Co.,
 
 90 NY2d,
 
 supra,
 
 at 773). That goal would not be served by a rule which would render the timeliness of a claim dependent upon the speed with which a court decides a motion
 
 (see, Vastola v Maer,
 
 48 AD2d 561, 564,
 
 affd
 
 39 NY2d 1019). We similarly decline to adopt plaintiff’s position that the filing of the motion alone should be considered the formal interposition of the claim within the meaning of CPLR 203 (a). As indicated herein, the tolling option is more appropriate in New York.
 

 Adoption of a toll under these circumstances is also consistent with our recent holdings in
 
 Matter of Fry v Village of Tarrytown
 
 (89 NY2d 714) and
 
 Matter of Gershel v Porr
 
 (89 NY2d 327), and reaffirms the crucial role that the filing statute plays in determining a Statute of Limitations defense. Both
 
 Fry
 
 and
 
 Gershel
 
 involved defects in the commencement of a special proceeding that occurred in the filing of the order to show cause (or notice of petition) and petition. Although a defective filing may be waivable as long as the filing fee is paid
 
 (Matter of Gershel v Porr,
 
 89 NY2d,
 
 supra,
 
 at 330), we fully acknowledged in both cases that a
 
 filing
 
 is required to establish “ ‘the crucial
 
 *755
 
 date for determining whether the Statute of Limitations is satisfied’ ”
 
 (Matter of Fry v Village of Tarrytown,
 
 89 NY2d,
 
 supra,
 
 at 719, quoting
 
 Matter of Spodek v New York State Commr. of Taxation & Fin.,
 
 85 NY2d 760, 763). Thus, contrary to the position taken by MSG, our holding here in no way contradicts our decisions in
 
 Fry
 
 and
 
 Gershel,
 
 and instead encourages lawyers to comply with the dictates of CPLR 1003.
 

 Finally, our holding finds support in the Federal commencement-by-filing system which “served as the model” for New York’s system
 
 (Matter of Fry v Village of Tarrytown,
 
 89 NY2d,
 
 supra,
 
 at 721, citing Senate Mem in Support, Bill Jacket, L 1992, ch 216, at 4). Under the Federal rule, the filing of a motion to amend the complaint to add a defendant to the action, when accompanied by a copy of the amended complaint, has long been held sufficient to stop the running of the Statute of Limitations
 
 (see, Moore v State of Indiana,
 
 999 F2d 1125, 1131 [7th Cir 1993];
 
 Mayes v AT & T Information Sys.,
 
 867 F2d 1172 [8th Cir 1989];
 
 Longo v Pennsylvania Elec. Co.,
 
 618 F Supp 87 [WD Pa 1985],
 
 affd
 
 856 F2d 183 [3d Cir 1988];
 
 Gloster v Pennsylvania R. R. Co.,
 
 214 F Supp 207 [WD Pa 1963];
 
 Rademaker v Flynn Export Co.,
 
 17 F2d 15 [5th Cir 1927]). As the United States Court of Appeals for the Seventh Circuit explained:
 

 “As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion”
 
 (Moore v State of Indiana,
 
 999 F2d 1125, 1131 [7th Cir 1993],
 
 supra).
 

 The rule we announce today is also in line with numerous States that have followed the Federal model
 
 (see, e.g., Frew v Poole & Kent Co.,
 
 654 So 2d 272 [Fla];
 
 Children’s Store v Cody Enters.,
 
 154 Vt 634, 580 A2d 1206;
 
 Charlton v M.P. Indus.,
 
 173 W Va 253, 314 SE2d 416;
 
 Moore v Flower,
 
 108 Mich App 214, 310 NW2d 336;
 
 Butler v Hurlhut,
 
 826 SW2d 90 [Mo]).
 

 In the instant case, the June 16, 1993 filing of plaintiff’s motion for leave to amend to add MSG as a defendant was sufficient to toll the Statute of Limitations because it included a copy of the proposed supplemental summons and amended
 
 *756
 
 complaint, but was not itself the interposition of the claim within the meaning of CPLR 203 (a). Thus, from the date the toll began until it ended on November 3, 1993 — the date of entry of the order granting plaintiff permission to add MSG as a defendant — the Statute of Limitations was tolled, commencing anew dnly after entry of the order. (We recognize that enactment of a procedural statute could attend to the myriad of practice permutations multiparty litigation can engender.) Therefore, after the discounting of the days of the toll, it is clear that plaintiffs filing of the supplemental summons and amended complaint on December 2, 1993 with judicial permission
 
 (see,
 
 CPLR 1003) timely commenced the action. Thus, the Appellate Division properly concluded that the action against MSG could proceed.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, etc.
 

 [1]
 

 . While some dispute was raised by plaintiff as to the actual date of the accident, Supreme Court concluded, and the Appellate Division implicitly affirmed, that the accident occurred no later than November 20, 1990. Thus, for purposes of our Statute of Limitations analysis, we must accept this affirmed finding of fact which is supported by the record.
 

 [2]
 

 . CPLR 1003 was amended by L 1996, ch 39, § 2 to provide for the adding of a party without leave of court under certain circumstances.
 

 [3]
 

 . These courts include the New York City Civil Court, City Courts, District Courts and Justice Courts (see, Alexander, 1992 Supp Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, 1999 Cum Annual Pocket Part, CPLR C304:l, at 102).