CARLTON LONG, Plaintiff, v BEVERLY FOLASADE SOWANDE et al., Respondents, and U-HAUL COMPANY OF PARK SLOPE et al., Appellants, et al., Defendant. [810 NYS2d 195]—

Order, Supreme Court, New York County (Rolando T. Acosta,

J.), entered January 7, 2005, which granted the motion of defendants Beverly Folasade Sowande and Sowande & Associates, P.C. (the Sowande defendants) for leave to file cross claims against U-Haul Company of Park Slope, Ian Gottlieb, American Liquidators, Inc. (defendants-appellants) and Leroy Elfrank & Associates Auctioneers (Elfrank), unanimously modified, on the law, to deny the motion insofar as it seeks leave to assert (1) a conversion cross claim against Gottlieb and American, and (2) an intentional infliction of emotional distress cross claim against defendants-appellants, and otherwise affirmed, without costs.

Contrary to U-Haul's argument, the Sowande defendants' first cross claim is for breach of contract, not breach of bailment (*see e.g. Ross v Tuck-It-Away, Inc.*, 180 AD2d 428, 429 [1992]). Inasmuch as the applicable statutory period is six years (*see* CPLR 213 [2]; *Baratta v Kozlowski*, 94 AD2d 454, 463 [1983]), the cross claim is timely.

The Sowande defendants' second cross claim, for conversion, accrued on September 14, 1999, the date of the alleged conversion (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]). This claim is timely as against U-Haul but time-barred as against Gottlieb and American.

CPLR 203 (d) provides: "A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed." This section applies to cross claims as well (*see e.g. Alvarez v Attack Asbestos*, 287 AD2d 349, 350 [2001], *lv denied* 97 NY2d 608 [2002]).

A claim is interposed when the plaintiff files a supplemental summons and amended complaint with the court, accompanied by proof of service (*see Perez v Paramount Communications*, 92 NY2d 749 [1999]). However, the statute of limitations is tolled from the time the plaintiff files a motion for leave to add a new defendant until the court decides the motion, provided that a copy of the proposed supplemental summons and amended complaint is annexed to the motion (*id.*).

Plaintiff commenced this action by summons and notice on September 22, 2000, but neither U-Haul nor American was listed therein, and Gottlieb was listed only as "Ian Doe." In December 2001, plaintiff moved to add U-Haul and Elfrank as defendants, duly annexing a copy of his proposed supplemental summons and his complaint. The court initially granted that motion on January 11, 2002 but vacated the January 2002 order on April 16, 2002. It was not until August 28, 2002 that plaintiff finally obtained permission to add U-Haul and Elfrank. Plaintiff served U-Haul with the complaint on September 24, 2002 and Elfrank on September 20 and 26, 2002.

U-Haul contends that, when it was served with the complaint on September 24, 2002, plaintiff's claim for conversion was already time-barred. However, due to the tolling of the statute of limitations (*see Perez, supra*), the claim was timely. The Sowande defendants' conversion cross claim arises out of the same occurrence as plaintiff's conversion claim. Plaintiff's complaint gave notice that the entire contents of the Sowande defendants' office, not just plaintiff's artwork, had been converted.

At some point after moving to add U-Haul and Elfrank, plaintiff moved to add Gottlieb and American as defendants. It appears that plaintiff made this motion in November 2002; it was granted at some point before January 22, 2003, when plaintiff served American with the amended complaint. (Plaintiff served Gottlieb shortly thereafter.) Thus, unless plaintiff's motion to add U-Haul and Elfrank tolled the statute of limitations against Gottlieb and American as well, relation back will not save the Sowande defendants' cross claims against Gottlieb and American. Since Gottlieb and American are not united in interest with U-Haul or Elfrank (*see e.g Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219 [1992]; *Hoosac Val. Farmers Exch. v AG Assets*, 168 AD2d 822, 824 [1990]; *Connell v Hayden*, 83 AD2d 30, 41-42 [1981]), we decline to use plaintiff's motion to add U-Haul and Elfrank as a basis to permit the proposed cross claims against Gottlieb and American. Similarly, because Gottlieb and American are not united in interest with U-Haul or Elfrank, the Sowande defendants' reliance on CPLR 203 (b) (1) is unavailing.

The Sowande defendants' reliance on CPLR 203 (f) is also unavailing. First, their original answer was served only on U-Haul and Elfrank, not on Gottlieb and American. Second, while the Sowande defendants' answer alerted defendants-appellants to the fact that a cross claim for contribution and/or indemnification would be asserted, it did not provide notice that independent cross claims would be asserted (*see D&D Knits v Grand Morgan Realty Corp.*, 213 AD2d 372 [1995]).

Contrary to defendants-appellants' claim, Sowande's cross claim for intentional infliction of emotional distress accrued on October 11, 1999 (the date on which she learned that her property had been auctioned and on which she suffered emotional distress), not September 14, 1999 (the date of the auction) (*see Dana v Oak Park Marina*, 230 AD2d 204, 209-210 [1997]). Nevertheless, this cross claim is time-barred. When plaintiff moved to add U-Haul and Elfrank in December 2001, the one-year statute of limitations had already run (*see Schiavone v Victory Mem. Hosp.*, 292 AD2d 365, 366 [2002]).

250

The motion court providently exercised its discretion in granting the Sowande defendants leave to add their timely cross claims (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). While U-Haul has suffered some prejudice due to the passage of time, it has been aware since October 11, 1999 that the Sowande defendants want their property back, and the Sowande defendants' cross claims arise out of the same transaction or occurrence as plaintiff's complaint. Under these circumstances, it was proper to grant leave to add cross claims (*see e.g. Bamira v Greenberg*, 256 AD2d 237, 239 [1998]). Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.