■ In the Matter of COASTAL COMMUNICATION SERVICE, INC., et al., Appellants, v NEW YORK CITY DEPARTMENT OF INFORMATION TECHNOLOGY AND TELECOMMUNICATIONS, Respondent. [843 NYS2d 23]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about July 11, 2006, which dismissed this CPLR article 78 proceeding to invalidate section 6-06 (c) of title 67 of the Rules of the City of New York, unanimously affirmed, without costs.

It is undisputed that section 6-06 (c), prohibiting the display of advertising in certain public telephone enclosures in Manhattan, became final and binding on December 4, 2004. Petitioners filed a motion for leave to amend their federal complaint on March 28, 2005 to include claims pertaining to that section. The federal court decided the motion on August 2 of that year, and the instant petition was filed on September 1. Even if the statute of limitations was tolled between March 28 and August 2, 2005 (*see Perez v Paramount Communications*, 92 NY2d 749 [1999]), more than four months elapsed between December 4, 2004 and September 1, 2005, to wit: three months and 24 days elapsed between December 4, 2004 and March 28, 2005, and one month between August 2 and September 1, 2005. Therefore, petitioners' attack on section 6-06 (c) is time-barred (*see* CPLR 217 [1]). We will not permit petitioners to do an end-run around the statute of limitations by attacking the June 2005 notices to proceed instead of the regulation itself (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 n [2005]).

In light of our disposition, we find it unnecessary to reach the substantive arguments raised by petitioner. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ. [*See* 12 Misc 3d 1179(A), 2006 NY Slip Op 51313(U).]