■ DANIEL TRICOCHE, Appellant, v WARNER AMEX SATELLITE ENTERTAINMENT COMPANY et al., Defendants, and VIACOM, INC., et al., Respondents. [853 NYS2d 100]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 14, 2006, (2) so much of an amended order of the same court (Baisley, J.), dated January 17, 2007, as, in effect, granted the motion of the defendants Viacom, Inc., and Viacom International, Inc., pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them as time-barred, and denied, as academic, that branch of his cross motion which was for an extension of time, nunc pro tunc, in which to serve an "amended summons" and amended complaint upon the defendants Viacom, Inc., and Viacom International, Inc., and (3) so much of an order of the same court (Baisley, J.), dated June 1, 2007, as denied that branch of his motion which was for leave to renew his opposition to the prior motion to dismiss the amended complaint insofar as asserted against the defendants Viacom, Inc., and Viacom International, Inc., pursuant to CPLR 3211 (a) (5), as time-barred.

Ordered that the appeal from the order dated December 14, 2006, is dismissed, as that order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 1, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff's claims against the defendants Viacom, Inc. and Viacom International, Inc. (hereinafter the Viacom defendants) were not interposed until the filing of the supplemental summons and amended complaint, which first named those parties as defendants, in June 2006 (*see Perez v Paramount Communications,* 92 NY2d 749, 756 [1999]; *Matter of Williams v County of Genesee,* 306 AD2d 865, 867 [2003]). Since the incident from which this action arose occurred in February 2003, more than three years earlier, the action, insofar as asserted against the Viacom defendants, was time-barred (*see* CPLR 214 [5]).

Contrary to the plaintiff's contention, his claims against the Viacom defendants did not relate back to the claims asserted in the original complaint, since the Viacom defendants were not united in interest with either of the defendants named in the original complaint (*see* CPLR 203 [c]; *Buran v Coupal,* 87 NY2d

173, 177 [1995]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]; *Prudential Ins. Co. v Stone,* 270 NY 154, 159 [1936]; *Monir v Khandakar,* 30 AD3d 487, 489 [2006]; *Zehnick v Meadowbrook II Assoc.,* 20 AD3d 793, 796 [2005]; *Mercer v 203 E. 72nd St. Corp.,* 300 AD2d 105, 106 [2002]; *Valmon v 4 M & M Corp.,* 291 AD2d 343, 344 [2002]; *Feszczyszyn v General Motors Corp.,* 248 AD2d 939, 940 [1998]; *Connell v Hayden,* 83 AD2d 30, 39-59 [1981]). Moreover, the supplemental summons and amended complaint did not merely correct a misnomer (*see* CPLR 305 [c]; *Ober v Rye Town Hilton,* 159 AD2d 16 [1990]), but added new defendants, after the expiration of the statute of limitations (*see Reuter v Haag,* 224 AD2d 603, 604-605 [1996]; *Bartnicki v Centereach Fire Dept.,* 222 AD2d 637, 638 [1995]; *Potamianos v Convenient Food Mart,* 197 AD2d 734, 735-736 [1993]; *Reid v Niagara Mach. & Tool Co.,* 170 AD2d 662, 663 [1991]; *Polizzano v Gotham Constr. Corp.,* 47 AD2d 48, 50 [1975]). Accordingly, the Supreme Court properly dismissed the amended complaint insofar as asserted against the Viacom defendants.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to the motion to dismiss the amended complaint insofar as asserted against the Viacom defendants, since the plaintiff failed to establish that there was a "reasonable justification" for his failure to present the new evidence in opposition to the original motion (CPLR 2221 [e] [3]; *see Lardo v Rivlab Transp. Corp.,* 46 AD3d 759 [2007]; *Crystal House Manor, Inc. v Totura,* 29 AD3d 933 [2006]). In any event, the new facts presented by the plaintiff in support of his motion did not warrant a change of the prior determination (*see* CPLR 2221 [e] [2]; *Reshevsky v United Water N.Y., Inc.,* 46 AD3d 532 [2007]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.