Abreu v Casey (2018 NY Slip Op 00067)





Abreu v Casey


2018 NY Slip Op 00067


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5360 161303/13

[*1]Amaury Abreu, Plaintiff-Respondent,
v
Police Officer Otis Casey, et al., Defendants-Respondents, William Adu-Agyei, Defendant-Appellant.


Bruno, Gerbino & Soriano, LLP, Melville (Nathan M. Shapiro of counsel), for appellant.
Frekhtman & Associates, Brooklyn (Eileen Kaplan of counsel), for Amaury Abreu, respondent.
Zachary W. Carter, Corporation Counsel, New York (Emma Grunberg of counsel), for Otis Casey, The New York City Police Department and the City of New York, respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about November 22, 2016, which, to the extent appealed from as limited by the briefs, denied defendant William Adu-Agyei's (defendant) motion to dismiss the amended complaint, unanimously affirmed, without costs.
This action for personal injuries arises from a motor vehicle accident that occurred on September 7, 2012. Defendant was operating one of the vehicles involved in the accident.
On August 25, 2015, 13 days before the statute of limitations expired, plaintiff moved to amend the complaint to, among other things, add defendant as a party. A copy of the proposed amended summons and complaint were annexed to plaintiff's moving papers.
By order dated February 4, 2016, and entered on February 5, 2016, the court granted plaintiff's motion. Upon entry of the order granting leave, plaintiff had until February 18, 2016 to serve defendant with the amended pleadings within the applicable statute of limitations (see Perez v Paramount Communications, 92 NY2d 749, 755-756 [1999]; Long v Sowande, 27 AD3d 247, 248 [1st Dept 2006]).
On February 10, 2016, plaintiff served all parties including defendant with a copy of the February 4, 2016 order with notice of entry, annexing the amended summons and amended verified complaint. Those papers were filed with the Clerk of the Court on that same date.
Contrary to defendant's contention, plaintiff was not required to serve him with the motion to amend before the Supreme Court could decide the motion (see Eastern States Elec. Contrs. v Crow Constr. Co., 153 AD2d 522, 524 [1st Dept 1989]). Plaintiff's filing of the motion to amend and annexed proposed amended pleadings tolled the applicable statute of limitations (see Perez, 92 NY2d at 755-756).
In addition, the record shows that plaintiff's claims against defendant were interposed eight days before the statute of limitations expired, as the amended pleadings were annexed to the February 4, 2016 order with notice of entry, which was served upon defendant and filed with the Clerk of the Court on February 10, 2016. Plaintiff's failure to file the amended pleadings as a separate docket entry is not fatal to his maintaining the action against defendant, because the amended pleadings were timely filed with the Clerk of the Court after being served upon defendant (see CPLR 305), and defendant has not shown any prejudice (see CPLR 2001). [*2]Further, CPLR 2001 authorizes the court to direct plaintiff to correct this type of filing mistake (see Matter of Miller v Waters, 51 AD3d 113, 117-118 [3d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK