Schlapa v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 06010)





Schlapa v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 06010


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-05627
 (Index No. 21132/13)

[*1]Thomas Schlapa, appellant, 
v
Consolidated Edison Company of New York, Inc., defendant, US Power Generating Co., et al., respondents.


Marc J. Bern & Partners LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Brianna Walsh], of counsel), for appellant.
Barclay Damon, LLP, Rochester, NY (Jonathan H. Bard, Thomas B. Cronmiller, and Sanjeev Devabhakthuni of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 1, 2017. The order granted that branch of the motion of the defendants US Power Generating Co. and Astoria Generating Co. which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained certain injuries in a worksite accident on January 6, 2012, and commenced this personal injury action against the defendant Consolidated Edison Company of New York, Inc., on November 15, 2013. Thereafter, in two successive motions dated September 16, 2014, and October 21, 2014, respectively, the plaintiff sought leave to file and serve a supplemental summons and amended complaint adding US Power Generating Co. and Astoria Generating Co. (hereinafter together the Astoria defendants) as defendants in the action. The plaintiff appended a copy of the proposed amended pleadings to the motion papers. In an order dated March 23, 2015, the Supreme Court granted the motions and directed the plaintiff to serve and file the amended pleadings within 30 days of the date of the order with notice of entry. The order was promptly entered on March 31, 2015. However, the plaintiff did not prepare a notice of entry and serve it on the Astoria defendants until on or about October 21, 2016, more than 18 months after the order was entered. The plaintiff subsequently filed the supplemental summons and amended complaint with the Queens County Clerk's Office on October 24, 2016, thereby commencing the action against the Astoria defendants as of that date (see Perez v Paramount Communications, 92 NY2d 749, 756; Tricoche v Warner Amex Satellite Entertainment Co., 48 AD3d 671, 672), and the plaintiff served the Astoria defendants with the amended pleadings shortly thereafter.
The Astoria defendants subsequently moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred by the expiration of the three-year statute of limitations applicable to personal injury actions (see CPLR 214[5]). In an order entered May 1, 2017, the Supreme Court granted that branch of the Astoria defendants' [*2]motion. We affirm.
We agree with the Supreme Court's determination that the action against the Astoria defendants is barred by the statute of limitations, since the plaintiff's claim accrued on January 6, 2012, and he did not commence this action against those defendants until October 24, 2016. While the limitations period is tolled where, as in this case, a motion for leave to file and serve a supplemental summons and amended complaint is made prior to the expiration of the statute of limitations and includes a copy of the proposed amended pleadings (see Perez v Paramount Communications, 92 NY2d at 754-756; Abreu v Casey, 157 AD3d 442), the toll encompasses only the period from the date the motion for leave to amend is filed until the date the order granting that motion is entered, with the limitations period commencing to run again "after entry of the order" (Perez v Paramount Communications, 92 NY2d at 756). Here, even after deducting the period between the filing of the plaintiff's first motion to amend on September 16, 2014, and the entry of the order granting that relief on March 31, 2015, the plaintiff's commencement of the action against the Astoria defendants by the filing of the amended pleadings on October 24, 2016, occurred long after the expiration of the three-year limitations period.
Contrary to the plaintiff's contentions, neither his own extensive delay in preparing and serving the notice of entry nor any language contained in the Supreme Court's March 23, 2015, order granting leave to amend rendered the commencement of the action against the Astoria defendants timely.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court