Matter of Fields v City of Buffalo (2019 NY Slip Op 05877)





Matter of Fields v City of Buffalo


2019 NY Slip Op 05877


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


439 CA 18-02225

[*1]IN THE MATTER OF CHRISTOPHER FIELDS AND DEBRA STROBELE, PETITIONERS-RESPONDENTS,
v
CITY OF BUFFALO, RESPONDENT-APPELLANT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MAEVE E. HUGGINS OF COUNSEL), FOR RESPONDENT-APPELLANT.
CREIGHTON, JOHNSEN & GIROUX, BUFFALO (IAN HAYES OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered July 10, 2018 in a CPLR article 78 proceeding. The judgment denied the motion of respondent to dismiss the petition, granted the petition and ordered respondent to provide petitioners with a defense and indemnification in an underlying action. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the judgment granting the petition as to petitioner Christopher Fields and granting the motion in part and dismissing the petition as to that petitioner, and by vacating that part of the judgment granting the petition as to petitioner Debra Strobele insofar as she seeks indemnification in the underlying action, and as modified the judgment is affirmed without costs.
Memorandum: Respondent appeals from a judgment denying its motion to dismiss the petition of two police officers seeking a defense and indemnification in an underlying action brought against them by a nonparty to this proceeding (see generally General Municipal Law § 50-j [1]), and granting the petition in its entirety. Petitioners commenced this CPLR article 78 proceeding after respondent determined that it would not provide them with a defense or indemnification in the underlying action.
We agree with respondent that Supreme Court erred in granting the petition as to petitioner Christopher Fields and in denying that part of the motion seeking to dismiss the petition as to Fields on the ground that he failed to timely commence this proceeding, and we therefore modify the judgment accordingly. As the party seeking to establish the statute of limitations as a defense, respondent had the burden of establishing that, more than four months before the proceeding was commenced, it provided notice to Fields that it would not provide him with a defense or indemnification in the underlying action (see Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 73 [1989]; Matter of Silvestri v Hubert, 106 AD3d 924, 925 [2d Dept 2013]). Respondent met that burden by submitting evidence establishing that it contacted Fields on December 29, 2017 via telephone conversation, voicemail message, and certified mail correspondence, and that the instant proceeding was not commenced until May 15, 2018.
Furthermore, we reject petitioners' contention that the time for Fields to commence the CPLR article 78 proceeding was extended by the decision of the plaintiff in the underlying action to file an amended complaint. The case cited by petitioners in support of that proposition—Perez v Paramount Communications (92 NY2d 749 [1999])—is inapplicable. Perez holds that, when a plaintiff seeks leave to amend a complaint, the statute of limitations in that action is tolled until the date of entry of the order granting the plaintiff leave to amend the complaint (id. at 754-756; see Rogers v Dunkirk Aviation Sales & Serv., Inc., 31 AD3d 1119, 1119-1120 [4th Dept 2006]). [*2]We decline to extend the holding of Perez to the proposition that a plaintiff seeking leave to amend a complaint to add other defendants extends the time that an original defendant in the first action has to commence a separate proceeding.
We likewise reject petitioners' contention that the language set forth in the letter to Fields dated December 29, 2017 is ambiguous. The letter states in relevant part: "Please allow this letter to follow up on our earlier telephone conversation today. As you know, the above-referenced civil lawsuit has been commenced. The Corporation Counsel's Office is representing the City of Buffalo and Buffalo Police Department. There is no legal basis for this Office to represent and indemnify you in this matter." The statements in the letter are not equivocal such that Fields had to infer or guess at the nature of the determination (see Nickerson v City of Jamestown, 178 AD2d 1003, 1003 [4th Dept 1991]). There is no language in the letter creating any ambiguity whether the determination was nonfinal, nonbinding (see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]; cf. Mahoney v Pataki, 261 AD2d 898, 899 [4th Dept 1999]), temporary, or conditional (cf. Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 56 AD3d 1027, 1029 [3d Dept 2008]). Moreover, the record does not reflect any subsequent action by the Corporation Counsel's Office inconsistent with its determination not to provide Fields with a defense or indemnification (cf. City of Buffalo City Sch. Dist. v LPCiminelli, Inc., 159 AD3d 1468, 1475 [4th Dept 2018]). Thus, in our view, there is no ambiguity in the letter that permits Fields to interpret it "as anything other than final and binding" (Matter of Briarwood Manor Prop. LLC v County of Niagara, 133 AD3d 1284, 1287 [4th Dept 2015]).
The court properly determined, however, that respondent's determination not to provide petitioner Debra Strobele with a defense was arbitrary and capricious (see CPLR 7803 [3]). Respondent's determination was based on its conclusion that Strobele was acting outside the scope of her employment at the time of the incidents concerning the plaintiff in the underlying action, but we conclude that respondent cannot establish, as it must, that Strobele's actions were "wholly personal" in nature (Matter of Krug v City of Buffalo, 162 AD3d 1463, 1464-1465 [4th Dept 2018]; see Matter of Schenectady Police Benevolent Assn. v City of Schenectady, 299 AD2d 717, 719 [3d Dept 2002]; see generally General Municipal Law § 50-j [1]). Here, "it is undisputed that [Strobele] was on duty and working as a police officer when the alleged conduct occurred" (Krug, 162 AD3d at 1464). That result is unaffected by the facts that Strobele pleaded guilty to a disciplinary charge in connection with her conduct that gave rise to the underlying action and that she was issued a reprimand (see General Municipal Law § 50-j [1]).
Finally, we conclude that the court's determination that Strobele is entitled to indemnification is premature at this time, and we therefore further modify the judgment accordingly (see generally Krug, 162 AD3d at 1463).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court