Bodkin v 112 Automotive Ctr., Inc. (2023 NY Slip Op 01074)

Bodkin v 112 Automotive Ctr., Inc.

2023 NY Slip Op 01074

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04206
 (Index No. 618418/17)

[*1]Richard Bodkin, appellant, 
v
112 Automotive Center, Inc., et al., defendants, 211-219 Medford Avenue, Inc., et al., respondents.

Harold A. Steuerwald, LLC, Bellport, NY, for appellant.
Somer & Heller, LLP, Commack, NY (Jeffrey T. Heller of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated May 8, 2020. The order granted the motion of the defendants 211-219 Medford Avenue, Inc., Long Island Auto Mall Corp., Harris Automotive Group Corp., Gary Rosen, and Christopher B. Wolser to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In September 2017, the plaintiff, the owner of a commercial building located in Patchogue (hereinafter the premises), commenced this action against the defendants 112 Automotive Center, Inc. (hereinafter 112 Automotive), and Joseph Amodei (hereinafter together the original defendants), asserting causes of action sounding in breach of a commercial lease agreement, conversion, and replevin in relation to 112 Automotive's occupancy of the premises. After the original defendants interposed an answer, the parties executed a stipulation, among other things, extending the plaintiff's deadline to amend the complaint beyond the time by which he was permitted to do so as of right under CPLR 3025(a). The original defendants and the plaintiff subsequently executed a second stipulation that further extended the deadline. The plaintiff thereafter filed and served a supplemental summons and amended complaint naming 211-219 Medford Avenue, Inc., Long Island Auto Mall Corp., Harris Automotive Group Corp., Gary Rosen, and Christopher B. Wolser (hereinafter collectively the moving defendants) as additional defendants in the action and asserting a cause of action sounding in conversion against them. The moving defendants thereafter moved to dismiss the amended complaint insofar as asserted against them on the ground, inter alia, that it was a nullity based on the plaintiff's failure to comply with CPLR 1003. By order dated May 8, 2020, the Supreme Court granted the moving defendants' motion. The plaintiff appeals.
Pursuant to CPLR 1003, "[p]arties may be added at any stage of [an] action by leave of court or by stipulation of all parties who have appeared" where joinder is not permitted as of right. CPLR 3025(b) permits "[a] party [to] amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" where an amended or supplemental pleading is not allowed as of right. A plaintiff's [*2]failure to comply with CPLR 1003 when attempting "to add a new defendant is a jurisdictional defect, and an amended complaint that is not filed in accordance with CPLR 1003 and 3025 is a legal nullity" (Hulse v Wirth, 175 AD3d 1276, 1279), thereby warranting dismissal of such amended complaint insofar as asserted against the additional parties for lack of personal jurisdiction, absent a waiver of the defense by the additional parties (see Jaramillo v Asconcio, 151 AD3d 947, 949).
Here, there is no dispute that the plaintiff sought to add the moving defendants to this action by amending the complaint after the time to do so as of right had expired and without seeking leave from the Supreme Court to do so. Contrary to the plaintiff's contention, although the two stipulations he entered into with the original defendants permitted him, without leave of court, to file an amended complaint outside the time table set by CPLR 3025, neither stipulation permitted him to add new defendants to this action without leave of court as required by CPLR 1003 (see Jaramill v Asconcio, 151 AD3d at 949). Since the plaintiff failed to comply with CPLR 1003 in his attempt to add the moving defendants as parties to this action, the amended complaint was therefore a legal nullity warranting dismissal of the amended complaint insofar as asserted against the moving defendants for lack of personal jurisdiction (see Hulse v Wirth, 175 AD3d at 1279).
The parties' remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted the motion of the moving defendants to dismiss the amended complaint insofar as asserted against them.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court