Braylovskaya v Skazka Rest. (2024 NY Slip Op 04756)

Braylovskaya v Skazka Rest.

2024 NY Slip Op 04756

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-03816
 (Index No. 500860/18)

[*1]Rakhil Braylovskaya, respondent, 
v
Skazka Restaurant, defendant, 2334 Coney Island Realty, LLC, defendant-appellant; Johnny Aviani, nonparty-appellant.

Molod Spitz & DeSantis, P.C., New York, NY (Salvatore J. DeSantis and Robert A. Von Hagen of counsel), for defendant-appellant.
Joseph J. Haspel, Middletown, NY, for nonparty-appellant.
Matthew J. Salimbene, P.C., New York, NY (Kyle McLaughlin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 2334 Coney Island Realty, LLC, and nonparty Johnny Aviani separately appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated May 6, 2022. The order, insofar as appealed from by the defendant 2334 Coney Island Realty, LLC, denied that branch of its motion which was to vacate so much of a judgment of the same court (Richard J. Montelione, J.) entered November 11, 2021, as, upon its failure to appear or answer the amended complaint, was in favor of the plaintiff and against it, and granted that branch of the plaintiff's motion which was to compel it to comply with an information subpoena with restraining notice served upon it. The order, insofar as appealed from by nonparty Johnny Aviani, granted that branch of the plaintiff's motion which was to compel him to comply with an information subpoena with restraining notice served upon him.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant 2334 Coney Island Realty, LLC, which was to vacate so much of the judgment as was in favor of the plaintiff and against it is granted, and those branches of the plaintiff's motion which were to compel the defendant 2334 Coney Island Realty, LLC, and nonparty Johnny Aviani to comply with information subpoenas with restraining notices served upon them are denied.
In January 2018, the plaintiff commenced this action against the defendant Skazka Restaurant (hereinafter the restaurant) to recover damages for personal injuries she allegedly sustained at the restaurant. In August 2018, without seeking leave of court, the plaintiff filed an amended complaint adding 2334 Coney Island Realty, LLC (hereinafter Coney Island), the owner of the property where the restaurant was located, as a defendant. The plaintiff served Coney Island through the filing of the supplemental summons and amended complaint with the Secretary of State and through personal service at the address on file with the Secretary of State. In the affidavit of personal service, the process server stated that the supplemental summons and amended complaint [*2]were left with "MARK (DOE) (WHO REFUSED FULL NAME)."
Thereafter, the plaintiff moved for leave to enter a default judgment against the defendants. In an order dated January 29, 2019, the Supreme Court granted the plaintiff's motion. On November 11, 2021, the court entered a judgment in favor of the plaintiff and against the defendants in the total sum of $1,192,295.
In January 2022, Coney Island moved, inter alia, to vacate so much of the judgment as was against it, and the plaintiff moved, among other things, to compel Coney Island and nonparty Johnny Aviani to comply with information subpoenas with restraining notices served upon them. In an order dated May 6, 2022, the Supreme Court, inter alia, denied that branch of Coney Island's motion and granted those branches of the plaintiff's motion. Coney Island and Aviani separately appeal.
"CPLR 5015(a)(4) provides that '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order'" (Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 663). Pursuant to CPLR 1003, "[p]arties may be added at any stage of [an] action by leave of court or by stipulation of all parties who have appeared." CPLR 3025(b) provides that "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties." "A plaintiff's failure to comply with CPLR 1003 when attempting to add a new defendant is a jurisdictional defect, and an amended complaint that is not filed in accordance with CPLR 1003 and 3025 is a legal nullity" (Bodkin v 112 Auto. Ctr., Inc., 214 AD3d 620, 621-622 [internal quotation marks omitted]; see Hulse v Wirth, 175 AD3d 1276, 1279).
Here, there is no dispute that the plaintiff sought to add Coney Island as a defendant by amending the complaint after the time to do so as of right had expired and without seeking leave from the Supreme Court to do so. Therefore, under these circumstances, since the plaintiff failed to comply with CPLR 1003 in her attempt to add Coney Island as a defendant, the amended complaint was a legal nullity upon which a default judgment could not be entered against Coney Island (see Bodkin v 112 Auto. Ctr., Inc., 214 AD3d at 621-622; Hulse v Wirth, 175 AD3d at 1279).
Accordingly, the Supreme Court should have granted that branch of Coney Island's motion which was to vacate so much of the judgment as was against it, and should have denied those branches of the plaintiff's motion which were to compel Coney Island and Aviani to comply with information subpoenas with restraining notices served upon them.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court