Raiola v Roman Catholic Diocese of Brooklyn (2025 NY Slip Op 02949)

Raiola v Roman Catholic Diocese of Brooklyn

2025 NY Slip Op 02949

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-03966
 (Index No. 518091/19)

[*1]Anthony Raiola, appellant, 
v
Roman Catholic Diocese of Brooklyn, et al., respondents, et al., defendants.

Pollack Pollack Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac, Lori E. Parkman, and Jillian Rosen of counsel), for appellant.
Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for respondent Franciscan Brothers of Brooklyn.
Shaub, Ahmuty, Citrin, & Spratt, LLP, Lake Success, NY (Robert M. Ortiz, Timothy M. Gallagher, and Christopher Germaine of counsel), for respondent Roman Catholic Diocese of Brooklyn.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated April 9, 2024. The order granted the motion of the defendant Franciscan Brothers of Brooklyn for summary judgment dismissing the amended complaint insofar as asserted against it and the motion of the defendant Roman Catholic Diocese of Brooklyn pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Roman Catholic Diocese of Brooklyn pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Roman Catholic Diocese of Brooklyn and one bill of costs to the defendant Franciscan Brothers of Brooklyn payable by the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On August 15, 2019, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the Order of Saint Francis (hereinafter OSF) and the Roman Catholic Diocese of Brooklyn (hereinafter the Diocese), inter alia, to recover damages for negligence. The plaintiff alleged that he was repeatedly sexually abused by Alphonsus Maher, the principal of Bishop Ford Central Catholic High School (hereinafter BFCCHS), while he was a student there. On August 26, 2019, the plaintiff served a copy of the summons and complaint upon OSF. Two years later, in August 2021, the plaintiff filed a supplemental summons and amended complaint substituting Franciscan Brothers of Brooklyn (hereinafter Franciscan Brothers) as a defendant in place of OSF. On October 19, 2021, the supplemental summons and amended complaint were served upon Franciscan Brothers.
Franciscan Brothers served an answer asserting various affirmative defenses, including lack of personal jurisdiction. Subsequently, Franciscan Brothers moved for summary judgment dismissing the amended complaint insofar as asserted against it for lack of personal jurisdiction, among other grounds. Franciscan Brothers contended that the summons and complaint were served upon a separate and unrelated entity and that the supplemental summons and amended complaint were jurisdictionally defective because they were filed and served without leave of court or by stipulation of the parties. The Diocese moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, contending, among other things, that its submissions established that it did not operate BFCCHS or supervise or control BFCCHS's staff during the relevant time period. In an order dated April 9, 2024, the Supreme Court granted the separate motions of Franciscan Brothers and the Diocese. The plaintiff appeals.
Pursuant to CPLR 1003, "[p]arties may be added at any stage of [an] action by leave of court or by stipulation of all parties who have appeared" where joinder is not permitted as of right. CPLR 3025(b) permits a party to amend his or her pleading "at any time by leave of court or by stipulation of all parties" where an amended or supplemental pleading is not allowed as of right. "A plaintiff's failure to seek leave pursuant to CPLR 1003 to add a new defendant is a jurisdictional defect, and an amended complaint that is not filed in accordance with CPLR 1003 and 3025 is a legal
nullity" (Hulse v Wirth, 175 AD3d 1276, 1279; see Perez v Paramount Communications, 92 NY2d 749, 753; Bodkin v 112 Auto. Ctr., Inc., 214 AD3d 620, 621-622).
Here, Franciscan Brothers established, prima facie, that the plaintiff sought to add it to this action by amending the complaint after the time to do so as of right had expired and without seeking leave from the Supreme Court to do so. Since the plaintiff failed to comply with CPLR 1003 and 3025, the amended complaint was a legal nullity warranting dismissal of the amended complaint insofar as asserted against Franciscan Brothers for lack of personal jurisdiction (see Bodkin v 112 Auto. Ctr., Inc., 214 AD3d at 622; Jaramillo v Asconcio, 151 AD3d 947, 949; Ospina v Vimm Corp., 203 AD2d 440, 441). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, "[t]his is not a case where a party is misnamed; rather it is a case where the plaintiff seeks to add or substitute a party defendant" (Ospina v Vimm Corp., 203 AD2d at 440 [citations omitted]; see Smith v Garo Enters., Inc., 60 AD3d 751, 752; Achtziger v Fuji Copian Corp., 299 AD2d 946, 947).
Accordingly, the Supreme Court properly granted Franciscan Brothers's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [internal quotation marks omitted]; see TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 839). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (State Farm Fire & Cas. Co. v Capital Sewer, Inc., 220 AD3d 701, 701 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "An affidavit submitted by the movant will almost never warrant dismissal under CPLR 3211 unless it establishes conclusively that the proponent of the pleading has no cause of action" (Cajigas v Clean Rite Ctrs., LLC, 187 AD3d 700, 701; see Lawrence v Graubard Miller, 11 NY3d 588, 595; 808 Union St., LLC v J. Lehman Park Slope, LLC, 216 AD3d 883, 884).
Here, the Diocese moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it on the ground, among others, that its submissions established that it did not operate BFCCHS or supervise or control BFCCHS's staff, including Maher, during the relevant time period. Contrary to the Diocese's contention, an affidavit and documents submitted in support of its motion failed to conclusively establish that it did not supervise or control Maher during the relevant time period or that the plaintiff's allegation that Maher was the Diocese's [*2]employee or agent was not a fact at all and that no significant dispute exits regarding it (see 808 Union St., LLC v J. Lehman Park Slope, LLC, 216 AD3d at 884-885; see also J.A.F. v Roman Catholic Archdiocese of N.Y., 216 AD3d 454, 454-455; J.D. v Archdiocese of N.Y., 214 AD3d 561).
Accordingly, the Supreme Court should not have granted the Diocese's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it on the ground that it did not operate BFCCHS or supervise or control BFCCHS's staff during the relevant time period.
The Supreme Court did not reach the Diocese's other grounds for dismissal of the amended complaint insofar as asserted against it pursuant to CPLR 3211(a)(7). We remit the matter to the Supreme Court, Kings County, for a new determination of the Diocese's motion after considering those grounds (see Johnson v 275 Clermont, LLC, 235 AD3d 731).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court